IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2005 NOV -4  P 3: 14

. P. HACKETT,
 .. DISTRICT COURT
 MIDDLE DISTRICT ALA

| | |
|---|---|
| PEARSON'S PHARMACY, INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 3:05cv 1072-F |
| ) | |
| v. ) | |
| ) | |
| BLUE CROSS AND BLUE SHIELD ) | |
| OF ALABAMA, ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

Defendant Blue Cross and Blue Shield of Alabama ("Blue Cross") hereby removes to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 the action commenced by Pearson's Pharmacy, Inc. ("Plaintiff") in the Circuit Court of Tallapoosa County, Alabama, which case is styled *Pearson's Pharmacy, Inc. v. Blue Cross and Blue Shield of Alabama*, CV-05-125. Blue Cross removes this matter pursuant to 28 U.S.C. § 1332(d), 28 U.S.C. § 1331, 28 U.S.C. § 1441, 28 U.S.C. § 1446, 28 U.S.C. § 1453, and states that this Court has jurisdiction over the action pursuant to the Class Action Fairness Act of 2005, and pursuant to Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.*

## I. INTRODUCTION

As grounds for this Removal, Blue Cross states as follows:

1. This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of causes. *See* 28 U.S.C. § 1453.

2. Plaintiff Pearson's Pharmacy instituted this civil action in the Circuit Court of Tallapoosa County, Alabama on or about September 27, 2005, against Blue Cross, said case number being CV-05-125 in said court. This action was therefore commenced after the effective date of the Class Action Fairness Act of 2005, Pub. L. No. 109-2 (enacted Feb. 18, 2005), *codified at* 28 U.S.C. §§ 1332(d), 1453 and 1711-1715.

3. The summons and/or complaint were served upon Blue Cross, the only defendant, on October 5, 2005. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Summons, Complaint and First Amended Complaint, being all the process and pleadings filed in the State Court Action as of the date hereof, is attached to this Notice of Removal as Exhibit "A," and is incorporated by reference herein.

4. Because this Notice of Removal is filed within thirty days of service of the summons and/or complaint upon the only defendant, it is timely under 28 U.S.C. §1446(b) and 28 U.S.C. § 1453.

## II. JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT OF 2005

5. This lawsuit was brought pursuant to Alabama Rule of Civil Procedure 23 by a putative representative entity on behalf of a proposed class of plaintiffs, described in the Complaint as all Alabama pharmacies and/or other similar entities who entered into a

contract which provided for reimbursement of prescriptions according to a formula which included the Average Wholesale Price ("AWP") with Defendant . . . on or after August 26, 1999 . . .Complaint, ¶ 7. As such, this matter is a class action as that term is defined pursuant to 28 U.S.C. § 1332(d)(1)(B) and 28 U.S.C. § 1453.[1]

6.  This action originally could have been filed in this Court under 28 U.S.C. § 1332(d) because this matter was brought as a class action, diversity of citizenship exists between one or more members of the class and the Defendant, and the amount in controversy exceeds, in the aggregate, $5,000,000 exclusive of interest and costs. Removal is therefore proper pursuant to 28 U.S.C. §§ 1446 and 1453.

### A.   Diversity of Citizenship Exists

7.  Blue Cross is, and was at the time of the institution of this civil action, a not-for-profit corporation organized and existing under and by virtue of the laws of the State of Alabama, having its principal place of business in the State of Alabama.

8.  As a result, Blue Cross is, and was at the time of the filing of the Complaint, a citizen and/or resident of the State of Alabama within the meaning of the Acts of Congress relating to the removal of causes.

9.  The Complaint describes the putative class in this matter as

---

[1] Although this action was filed by Plaintiff as a class action and is therefore removable under the relevant statutes, Defendant does not admit that this action can properly proceed as a class action under Rule 23. Blue Cross expressly reserves the right to challenge whether the action brought by Plaintiff meets the requirements of Rule 23.

> all Alabama pharmacies and/or other similar entities who entered into a contract which provided for reimbursement of prescriptions according to a formula which included the Average Wholesale Price ("AWP") with Defendant . . . on or after August 26, 1999 . . .

Complaint, ¶ 7. Thus, if a pharmacy operates in Alabama, and receives reimbursement from Blue Cross and Blue Shield of Alabama for the distribution of prescriptions pursuant to a contract that utilizes the Average Wholesale Price to calculate the reimbursement amount, that pharmacy is a member of the proposed class.

10. Approximately 662 of the 1335 pharmacies located in Alabama that fall within the class definition, upon information and belief, have as both their State of incorporation and principal place of business a state other than Alabama. *See* Affidavit of George Hiller, Operations Manager, Pharmacy Benefit Management, Blue Cross and Blue Shield of Alabama, attached hereto as Exhibit B.

11. The Plaintiff class therefore consists of numerous Alabama pharmacies within the definition of the class that have their State of incorporation and their principal place of business in a state other than Alabama. See Exhibit B.

12. Thus, there are members of the class who are citizens of a state different from that of the Defendant, thereby satisfying the minimal diversity requirement set forth in the Class Action Fairness Act of 2005.

### B.     The Amount in Controversy Requirement is Satisfied

13. The Complaint alleges that a putative class exists that consists of all Alabama pharmacies that entered into a contract with the Defendant for reimbursement of

prescriptions. As demonstrated in Exhibit B, the potential number of class members for this putative class is 1335. According to the Complaint, the class period would extend from 1999 to the present.

14. Thus, in order to achieve the requisite amount in controversy of $5,000,000, each class member would have to seek only $625 per year in additional reimbursement for each of the six (6) years.

15. Defendant asserts, upon information and belief, and as supported by the attached affidavit, that the amount in controversy exceeds the jurisdictional threshold of $5,000,000 set forth under 28 U.S.C. § 1332(d)(2).

### III. JURISDICTION UNDER ERISA

16. Blue Cross is an Alabama not-for-profit corporation that is licensed to do business in Alabama and is organized for the purpose of managing health care plans. Many of these health care plans are established and maintained by employers to provide medical, surgical, or hospital care or benefits to their employees. Such plans are governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq*.

17. Blue Cross has entered into a contract with certain pharmacies, including Plaintiff, which agree to provide prescription drugs to participants in health care plans that are administered by Blue Cross. A true and correct copy of the Participating Pharmacy Agreement entered between Plaintiff and Blue Cross is attached as Exhibit "C".

18.     The Participating Pharmacy Agreement provides in relevant part:

"The Participating Pharmacy agrees to provide services…to all subscribers and their dependents ("Members") **covered by and in accordance with the agreement or contract by which the Corporation** ("Blue Cross") **provides, indemnifies, or administers health care benefits to Members** (the "Benefit Agreement")…Participating Pharmacy agrees to file claims through Corporation's electronic on-line claims processing system within 45 days of service."

Participating Pharmacy Agreement, attached as Exhibit "C", p. 1 (emphasis added).

19.     Plaintiff is essentially an assignee of the participants or beneficiaries of the aforementioned ERISA-governed employee welfare benefit plans, and is therefore entitled to receive from these plans, which are administered by Blue Cross, payments for prescriptions filled for these participants and beneficiaries pursuant to the terms of the plans and the Participating Pharmacy Agreement.

20.     As set forth in the Complaint, Plaintiff's claim in this action is, in essence, to recover additional pharmacy benefit payments allegedly due to Plaintiff from employee health benefit plans administered by Blue Cross and governed by ERISA. Among other claims asserted in the Complaint, Plaintiff alleges that Blue Cross "began engaging in the unfair, unlawful, fraudulent, wrongful and deceptive practice of failing to fully, timely and properly reimburse Plaintiff for filling prescriptions **on behalf of its [Blue Cross's] insureds, members or clients**." *Complaint*, ¶ 8 (emphasis added). Plaintiff demands judgment for "damages" for Blue Cross's alleged failure to "fully, properly and timely reimburse Plaintiff for prescription medications" provided by Plaintiff to Blue Cross Members. *Complaint*,¶ 23. Such claims fall within the scope of section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), which provides that a

participant, or assignee of the participant, may bring an action "to recover benefits due to him under the terms of his plan . . ."

21.     Under section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), this Court has original jurisdiction, concurrent with the state courts, over claims arising under section 502(a)(1)(B) of ERISA.  This case is therefore removable to this Court pursuant to 28 U.S.C. § 1441(a).

## IV.    THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

22.     As set forth above, this Notice of Removal is filed within thirty days of service of the petition or process upon the only defendant.

23.     Defendant has sought no similar relief.

24.     Blue Cross will give prompt, written notice of the filing of this Notice of Removal to Plaintiff's counsel, and will promptly file a copy of the Notice of Removal with the Circuit Court of Tallapoosa County, Alabama.

25.     The prerequisites for removal under 28 U.S.C. § 1441 have been met.

26.     If any question arises as to the propriety of the removal of these actions, the defendant requests the opportunity to present additional evidence, a brief and oral argument in support of its position that this case is removable.

## CONCLUSION

WHEREFORE, Blue Cross, desiring to remove this case to the United States District Court for the Middle District of Alabama, Northern Division, being the district and division of said Court for the County in which said actions are pending, prays that the filing of this Notice of Removal with the Clerk of the Circuit Court of Tallapoosa County, Alabama shall effect the removal of said suit to this Court.

Dated:  November 4, 2005

Respectfully submitted,

James L. Priester
Edward A. "Ted" Hosp
Grace C. Robinson

**OF COUNSEL:**

Maynard Cooper & Gale, PC
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL  35203-2602
Tel:  (205) 254-1000
Fax:  (205) 254-1999

Jere F. White, Jr.
Terrence W. McCarthy
Lightfoot, Franklin & White, L.L.C.
The Clark Building
400 20th Street North
Birmingham, Alabama  35203

Attorneys for Defendant Blue Cross and Blue Shield of Alabama

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served upon the following individuals by U.S. mail on November 4, 2005:

Kenneth E. Riley
Farris, Riley & Pitt, LLP
2025 Third Avenue North
The Historic Massey Building, Suite 200
Birmingham, Alabama 35203

_____
OF COUNSEL