# EXHIBIT A

## IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY, ALABAMA

PEARSON'S PHARMACY, INC.,            )
                                     )        .RECEIVED
            Plaintiff,               )        OCT 0 6 2005
v.                                   )    Civil Action No.:  ℂV.05-125 LEGAL DEPT.
                                     )
BLUE CROSS & BLUE SHIELD             )
OF ALABAMA, "A," being the correct legal name of Defendant, known only to the
Plaintiff as set out above; "B," whether singular or plural, being the person, corporation,
firm, association, or other entity who made intentional and/or reckless misrepresentations
and/or suppressed and/or concealed the truth and/or who negligently or wantonly hired,
trained, and/or supervised the agents, employees or persons causing damage to Plaintiff;
"C," whether singular or plural, being that person, firm, association, corporation, and/or
other entity who breached a contract with Plaintiff and/or who became unjustly enriched,
at the expense of Plaintiff and/or who or which is the alter ego or the predecessor or
successor in interest to any of the above-named fictitiously described Defendants; "D,"
whether singular or plural being that trade association or locally owned Blue Cross and
Blue Shield Licensee that conspired with Defendant to engage in the fraudulent conduct
outlined below; Plaintiff avers that the identities of all the foregoing fictitious party
Defendants are otherwise unknown to Plaintiff at this time, or if their names are known to
Plaintiff at this time, their identity as proper party Defendants is not known to Plaintiff at
this time, but whose true and correct names will be substituted by amendment when the
aforesaid lacking information is ascertained.,

                                     )
            Defendant.               )

### SUMMONS

        To any sheriff or any person authorized by either Rule 4.1(b)(2) or 4.2(b)(2) or 4.4(b)(2) ,
of the Alabama Rules of Civil Procedure to effect service:  You are hereby commanded to serve
this Summons and a copy of the Complaint in this action upon Defendant:

### PLEASE SERVE BY CERTIFIED MAIL:

Blue Cross & Blue Shield of Alabama
450 Riverchase Parkway East
Birmingham, Alabama 35244-2858

## NOTICE TO DEFENDANT

The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint, to **Kenneth E. Riley, Farris, Riley & Pitt, The Massey Building, Suite 200, 2025 3rd Avenue North, Birmingham, Alabama 35203.** THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

DATED: 10.3-05

CLERK OF COURT

IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY, ALABAMA

PEARSON'S PHARMACY, INC., )
)
        Plaintiff, )
                   ) Civil Action No.: CV-05-135
v. )
)
BLUE CROSS & BLUE SHIELD )
OF ALABAMA, "A," being the correct legal name of Defendant, known only to the Plaintiff as set out above; "B," whether singular or plural, being the person, corporation, firm, association, or other entity who made intentional and/or reckless misrepresentations and/or suppressed and/or concealed the truth and/or who negligently or wantonly hired, trained, and/or supervised the agents, employees or persons causing damage to Plaintiff; "C," whether singular or plural, being that person, firm, association, corporation, and/or other entity who breached a contract with Plaintiff and/or who became unjustly enriched at the expense of Plaintiff and/or who or which is the alter ego or the predecessor or successor in interest to any of the above-named fictitiously described Defendants; "D," whether singular or plural being that trade association or locally owned Blue Cross and Blue Shield Licensee that conspired with Defendant to engage in the fraudulent conduct outlined below; Plaintiff avers that the identities of all the foregoing fictitious party Defendants are otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identity as proper party Defendants is not known to Plaintiff at this time, but whose true and correct names will be substituted by amendment when the aforesaid lacking information is ascertained.,

                                )
        Defendant. )

## NATURE OF THE CASE

1.     Through a fraudulent, unlawful and unfair course of conduct, Defendant has, over the course of years, knowingly, purposefully and willfully withheld reimbursement payments to Plaintiff.

2.     Plaintiff is an independently owned pharmacy. Defendant is an insurance company and/or pharmacy benefit management company. Plaintiff entered into a contractual agreement with Defendant pursuant to which Plaintiff agreed to dispense prescription medication to Defendant's insureds and/or members. The contract between Plaintiff and Defendant contains a provision which

1

requires Defendant to reimburse Plaintiff for filling medications, including name-brand prescriptions, at a rate which is determined by using the Average Whole Price ("AWP").

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action. Defendant does business in the State of Alabama and have received and continue to receive substantial revenue and profits from their insureds and/or members in the State of Alabama and all other states. Defendant transacts business in Tallapoosa County, Alabama and have received and continue to receive substantial revenue and profits from its insureds and/or members in Tallapoosa County, Alabama. Finally, the contract at issue was executed in and Defendant made material omissions and misrepresentations in Tallapoosa County, Alabama.

4.      Venue in this case is proper in Tallapoosa County, Alabama, in that a substantial portion of the conduct of the Defendant which forms the basis of this action occurred in Tallapoosa County, Alabama, and Plaintiff resides and/or has its principal place of business in Tallapoosa County, Alabama.

## PARTIES

5.      Plaintiff is a resident citizen of Tallapoosa County, Alabama.

6.      Defendant Blue Cross & Blue Shield of Alabama is an Alabama corporation with its principal place of business at 450 Riverchase Parkway East, Birmingham, Alabama 35244-2858.

7.      Plaintiff brings this action as a statewide class action pursuant to Rule 23(b)(3) of the Alabama Rules of Civil Procedure. This class is more specifically defined as follows:

> all Alabama pharmacies and/or other similar entities who entered into a contract which provided for reimbursement of prescriptions according to a formula which included the Average Wholesale Price ("AWP") with Defendant and/or its

2

predecessors in interest, their successors in interest, and/or their subsidiaries and/or their related entities on or after August 26, 1999; but excluding (1) pharmacies and/or other similar entities who are currently in bankruptcy; (2) pharmacies and/or other similar entities whose obligations to Defendant has been modified or discharged in bankruptcy; (3) any governmental agency or entity and (4) any person or entity who, in accordance with any court approved notice, properly executes and submits a timely request for exclusion from the class.

## FACTUAL ALLEGATIONS

8.     Plaintiff entered into contracts to dispense prescription medications for Defendant's insureds, members or clients. Beginning at a date unknown, Defendant began engaging in the unfair, unlawful, fraudulent, wrongful and deceptive practice of failing to fully, timely and properly reimburse Plaintiff for filling prescriptions on behalf of its insureds, members or clients. This fraudulent conduct includes Defendant's failure to properly reimburse Plaintiff the Average Wholesale Price ("AWP") of prescription medications, including brand name prescription drugs, pursuant to the terms of the parties' contract.

9.     The contract between Plaintiff and Defendant provides that Defendant will reimburse Plaintiff an amount which is arrived at by using the Average Wholesale Price for filling a prescription for a Brand Name Drug. Despite Defendant's statement that Plaintiff will be reimbursed AWP, Defendant fails to reimburse Plaintiff in this manner. AWP is the average of the prices charged by national drug wholesalers for a given prescription drug. AWP is electronically updated by the manufacturer or distributor of the medication on a daily basis or in "real time." Accordingly, AWP is readily ascertainable and easily definable. AWP is reported to pharmacies, insurance companies, pharmacy benefit managers and the public by third-party publications such as Red Book, Blue Book and Medispan. Typically, insurance and pharmacy benefit reimbursement contracts, like the one between Plaintiff and Defendant, requires pharmacy benefit managers to reimburse

3

pharmacies based upon a percentage tied to AWP (i.e. AWP minus 12%) plus pay the pharmacy a

dispensing fee (i.e. $2.00). Despite having access to updated "real time" AWP information,

Defendant deliberately refuses to fully reimburse Plaintiff at AWP according to the terms of the

contract. Moreover, Defendant fails to timely and properly reimburse Plaintiff according to the terms

of the contract. Accordingly, Defendant retains monies that belong to Plaintiff. Upon information

and belief, Defendant engages in the unlawful, fraudulent and deceptive practice in order to increase

its profits.

10.     As a result of Defendant's conduct, Defendant has concealed and suppressed from

Plaintiff the true fact that Defendant does not have the intent to fully, properly or timely reimburse

Plaintiff in accordance with the terms of the parties' contractual agreement.

11.     Defendant's policy and practice of failing to fully, properly and timely reimburse

pharmacies has dramatically increased the profits of Defendant throughout the State of Alabama.

Defendant has defrauded countless pharmacies based upon this practice and further has breached

numerous contracts.

12.     Plaintiff has been damaged in that Plaintiff has not been reimbursed pursuant to

the terms of its contractual agreement with Defendant.

## FIRST CAUSE OF ACTION

### MISREPRESENTATION/SUPPRESSION

13.     Plaintiff adopts, re-alleges and incorporates each and every allegation above, as

though fully set forth herein.

14.     At all times material hereto, Defendant was under a duty to not misrepresent

the true nature of their pharmacy benefit reimbursement program outlined in the parties' contracts.

4

This includes, but is not limited to, the AWP reimbursement program. Defendant intentionally, recklessly or negligently misrepresented that it would fully, properly and timely reimburse Plaintiff for any prescription that Plaintiff filled in accordance with the terms of the parties' contractual agreement. Instead, Defendant did not intend to fully reimburse Plaintiff pursuant to the terms of the contract.

15.    Defendant intentionally misled Plaintiff and putative class members as to the true nature and purpose of their prescription drug reimbursement program. At the time Defendant made these representations to Plaintiff, Defendant knew that these representations were false.

16.    Specifically, Defendant misrepresented to and/or suppressed from Plaintiff the following information:

a.    that Defendant would not fully, timely and properly reimburse Plaintiff;

b.    that Defendant would not reimburse Plaintiff and putative class members according to the Average Wholesale Price (suppression);

c.    that Defendant would reimburse Plaintiff and putative class members according to the Average Wholesale Price (misrepresentation);

d.    By suppressing and/or misrepresenting the facts alleged herein which constitutes engaging in a pattern and practice of untruthful statements, false representations, concealment, and intent to mislead in its contractual agreements;

e.    By failing to disclose that Defendant either did not have access to or would not reimburse Plaintiff and putative class members based upon the daily Average Wholesale Price;

f.    By failing to disclose the method upon which Defendant would determine the Average Wholesale Price of a prescription medication;

5

g.     By failing to send Plaintiff and other pharmacies enough information to make an informed decision regarding Defendant's AWP reimbursement program;

h.     By charging Plaintiff an unconscionable fee and engaging in unconscionable practices.

17.     By intentionally, recklessly or negligently misrepresenting the nature of its prescription reimbursement program, Defendant has taken advantage of Plaintiff, who based upon such misrepresentations, was misled into entering into the contracts and has suffered damages as a result. Moreover, by intentionally, recklessly or negligently misrepresenting the nature of its formula for determining AWP for reimbursement purposes, Defendant has taken advantage of Plaintiff, who based upon such misrepresentations, was misled into entering into the contracts and has suffered damages as a result.

18.     Defendant suppressed this information, with the intent and ultimate result that Plaintiff and other pharmacies would accept reimbursement without question or negotiation. At the time Defendant suppressed this information from Plaintiff, Defendant knew or should have known that it was under a duty to communicate the true nature of its brand name prescription reimbursement program.

19.     By suppressing the nature of its AWP reimbursement program and not disclosing material information concerning such program, Defendant has taken advantage of Plaintiff, who based upon such omissions, was misled into accepting less than full reimbursement. Defendant further suppressed the fact that they would not honor the terms of the parties' contractual agreement concerning timely and proper reimbursement and that they would not fully reimburse Plaintiff for AWP on prescriptions. Such nondisclosure constitutes a suppression that Defendant knew or should

6

have known and had a duty to communicate.

20.    Defendant's misrepresentations and suppression of material facts have damaged Plaintiff for which Plaintiff seeks restitution of the contract amount minus the amount reimbursed by Defendant, plus interest, as well as all other damages resulting from such misrepresentations and suppressions.

WHEREFORE PREMISES CONSIDERED, Plaintiff seeks to recover compensatory and punitive damages for itself and on behalf of the class.

## SECOND CAUSE OF ACTION

### BREACH OF CONTRACT

21.    Plaintiff adopts, re-alleges and incorporates each and every allegation set forth above as though fully set forth herein.

22.    A written contract exists between Plaintiff and Defendant. Plaintiff has fully performed its obligations under the terms of the contracts. Defendant has failed to perform its obligations pursuant to the terms of the contract.

23.    Defendant's practice of failing to fully, properly and timely reimburse Plaintiff for prescription medications as set out heretofore constitutes a breach of contract for which Plaintiff has been damaged. Moreover, Defendant's practice of failing to properly reimburse Plaintiff based upon daily AWP updates for prescription drugs as set out heretofore constitutes a breach of contract for which Plaintiff have been damages. Defendant's practices caused Plaintiff to lose money. Plaintiff is entitled to compensatory damages in an amount equal to the contract amount minus the amount reimbursed by Defendant, plus interest.

WHEREFORE PREMISES CONSIDERED, Plaintiff seeks to recover compensatory

damages for itself and on behalf of the class.

## THIRD CAUSE OF ACTION

### UNJUST ENRICHMENT/CONSTRUCTIVE TRUST

24.    Plaintiff adopts, re-alleges and incorporates each and every allegation set forth above as though fully set forth herein.

25.    Defendant, by suppressing from Plaintiff the material facts set forth herein, by misrepresenting the material facts set forth herein and by engaging in the other unlawful and/or wrongful conduct set out herein, knowingly obtained or exerted unauthorized control over Plaintiff's property with the intent to deprive Plaintiff of its property and/or knowingly obtained control over said property by deception and with the intent to deprive Plaintiff of its property by:

a.    creating or confirming an impression in Plaintiff which was false and which Defendant did not believe to be true; and/or

b.    failing to correct a false impression which Defendant previously created or affirmed; and/or

c.    failing to correct a false impression which Defendant were under a duty to correct; and/or

d.    preventing Plaintiff from acquiring information pertinent to the disposition of their property and/or the actions and/or inactions set out herein.

26.    Such illegal and fraudulent conduct engaged in by Defendant has resulted in Defendant obtaining money, which in equity and good conscience, belongs to Plaintiff.

27.    Plaintiff further requests that the Court impose a Constructive Trust on such monies and require Defendant to repay such monies to Plaintiff.

8

28.    As a direct result thereof, Defendant has been unjustly enriched, and Plaintiff has been injured and damaged and seek recovery of all monies improperly procured or withheld.

WHEREFORE PREMISES CONSIDERED, Plaintiff seeks to recover and is entitled to damages for itself and on behalf of the class.

### FOURTH CAUSE OF ACTION

### INJUNCTIVE RELIEF

29.    Plaintiff adopts, re-alleges and incorporates herein each and every allegation above, as though fully set forth herein.

30.    Plaintiff respectfully requests that this Honorable Court require Defendant to fully, properly and timely reimburse Plaintiff and putative class members and that Defendant be required to properly reimburse Plaintiff and putative class members using the "real time" Average Wholesale Price.

### PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY

Kenneth E. Riley
Attorney for Plaintiff

**OF COUNSEL:**
**FARRIS, RILEY & PITT, LLP**
2025 Third Avenue North
The Historic Massey Building, Suite 200
Birmingham, Alabama 35203
(205) 324-1212

9

**PLEASE SERVE THE FOLLOWING DEFENDANT BY CERTIFIED MAIL:**

Blue Cross & Blue Shield of Alabama
450 Riverchase Parkway East
Birmingham, Alabama 35244-2858

To the Circuit Court Clerk
Tallapoosa County Courthouse / Dadeville ]
125 North Broadnax Street
Dadeville, Alabama  36853

Certified Mail
Return Receipt Requested

35244+2858-50  C028

RESTRICTED
DELIVERY

CERTIFIED MAIL

7004 1160 0004 9761 0228

Blue Cross & Blue Shield of Alabama
450 Riverchase Parkway East
Birmingham, Alabama 35244-2858

UNITED STATES POSTAGE
$ 008.500
PITNEY BOWES
02 1P
0002568193    SEP 26 2005
MAILED FROM ZIP CODE 35203