UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED

2005 NOV -4  P 3: 15

[DISTRICT COURT
MIDDLE DISTRICT ALA.]

| | |
|---|---|
| PEARSON'S PHARMACY, INC., | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. |
| BLUE CROSS & BLUE SHIELD OF ALABAMA, | ) 05-125  3:05cv 1072-F |
| Defendant. | ) |

## ANSWER

Defendant, Blue Cross & Blue Shield of Alabama ("Blue Cross" or "Defendant"), for its answer to the plaintiff's complaint, in each and every count and claim contained therein, says as follows:

### NATURE OF THE CASE

1. Denied.

2. Admit.

### JURISDICTION AND VENUE

3. Blue Cross admits that it transacts business in Tallapoosa County, that it receives revenue from the business it conducts in Tallapoosa County and the State of Alabama, and that the Middle District of Alabama has jurisdiction over this action. Blue Cross denies the remaining allegations of this paragraph.

4. Blue Cross admits that venue of this case is proper in the Middle District of Alabama.

### PARTIES

5. Admit.

6. Admit.

7. Blue Cross admits that the plaintiff purports to bring this action on behalf of a class, but Blue Cross denies that certification of a class would be proper in this case.

## FACTUAL ALLEGATIONS

8. Denied.

9. Blue Cross admits that its agreement with the plaintiff states that Blue Cross will reimburse the plaintiff using the Average Wholesale Price as reported on a weekly basis by an outside company. Blue Cross further admits that the Average Wholesale Price is the average of the prices charged by national drug wholesalers for a given prescription drug. Blue Cross further admits that the average wholesale price is reported to pharmacies and insurance companies. Blue Cross denies the remaining allegations of this paragraph.

10. Denied.

11. Denied.

12. Denied.

## FIRST CAUSE OF ACTION

## MISREPRESENTATION/SUPPRESSION

13. Blue Cross adopts and incorporates all previous averments as though fully set forth herein.

14. Blue Cross denies the allegations of this paragraph, including the plaintiff's characterization of a purported legal duty.

15. Denied.

16. Denied.

17. Denied.

2

18. Denied.

19. Denied.

20. Denied.

To the extent the unnumbered paragraph following paragraph 20 requires a response, denied.

## BREACH OF CONTRACT

21. Blue Cross adopts and incorporates all previous averments as though fully set forth herein.

22. Blue Cross admits that a written agreement exists between the plaintiff and Blue Cross. Blue Cross lacks information sufficient to form a belief as to whether the plaintiff has performed all of its obligations under the terms of the agreement. Blue Cross denies the remaining allegations of this paragraph.

23. Denied.

To the extent the unnumbered paragraph following paragraph 23 requires a response, denied.

## UNJUST ENRICHMENT/CONSTRUCTIVE TRUST

24. Blue Cross adopts and incorporates all previous averments as though fully set forth herein.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

To the extent the unnumbered paragraph following paragraph 28 requires a response, denied.

## INJUNCTIVE RELIEF

29. Blue Cross adopts and incorporates all previous averments as though fully set forth herein.

30. Denied.

## FIRST DEFENSE

The Complaint fails to state any claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff is not entitled to the remedies requested.

## THIRD DEFENSE

No wrongful conduct by Blue Cross has been the proximate cause of any damage to the Plaintiff.

## FOURTH DEFENSE

Plaintiff's claims are barred by the doctrines of laches, waiver and estoppel.

## FIFTH DEFENSE

Plaintiff's claimed injuries and damages were caused by the acts and omissions of others for whom Blue Cross owes no legal responsibility.

## SIXTH DEFENSE

Blue Cross denies each and every material allegation of the Complaint and requires strict proof thereof.

## SEVENTH DEFENSE

Plaintiff's claims are preempted by ERISA.

### EIGHTH DEFENSE

Plaintiff's claims are barred by the doctrines of payment, release and/or accord and satisfaction.

### NINTH DEFENSE

Blue Cross denies that this action can be properly certified as a class action under Fed. R. Civ. P. 23.

### TENTH DEFENSE

Fraud is an inappropriate claim for treatment in a class action Complaint.

### ELEVENTH DEFENSE

Plaintiff's claim for punitive damages is preempted and not available under ERISA.

### TWELFTH DEFENSE

Plaintiff's claims are barred in whole or in part because Blue Cross at all times acted in good faith.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because it has not sustained injury or damage as a result of the matters averred in the Complaint.

### FOURTEENTH DEFENSE

Plaintiff failed to mitigate damages.

### FIFTEENTH DEFENSE

Blue Cross avers that it did not participate in, authorize, ratify, or benefit from any alleged misrepresentations or wrongful acts that are asserted in the Complaint.

## SIXTEENTH DEFENSE

Blue Cross denies that the Plaintiff reasonably or justifiably relied upon any alleged misrepresentation or omission by Blue Cross, or that the Plaintiff was damaged as the proximate result of any alleged misrepresentation or omission.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred by the Statute of Limitations.

## EIGHTEENTH DEFENSE

Blue Cross asserts that an award of punitive damages in this case would violate the Constitution of the State of Alabama and the United States Constitution.

## NINETEENTH DEFENSE

The claims of Plaintiff for punitive damages cannot be sustained because an award of punitive damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, would violate Blue Cross's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

## TWENTIETH DEFENSE

The claims of Plaintiff for punitive damages cannot be sustained, because an award of punitive damages under Alabama law by a jury that (1) is not provided a standard sufficient for determining the appropriateness, or the appropriate size, of a punitive damages award, (2) is not instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously

discriminatory characteristics, including the corporate status of a defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary as to damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate Blue Cross's substantive and procedural due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama constitutional provisions providing for due process, equal protection, and guarantee against double jeopardy.

### TWENTY-FIRST DEFENSE

The claims of Plaintiff for punitive damages cannot be sustained, because an award of punitive damages under Alabama law without proof of every element beyond a reasonable doubt would violate Blue Cross's substantive and procedural due process rights under the Fourteenth Amendment to the United States Constitution and under the due process provisions of the Alabama Constitution.

### TWENTY-SECOND DEFENSE

Any award of punitive damages based on anything other than Blue Cross's conduct in connection with the matters that are the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and guarantee against double jeopardy, because any other judgment for punitive damages in this case cannot protect Blue Cross against impermissible multiple punishment for the same wrong.

## TWENTY-THIRD DEFENSE

Any award of punitive damages in this case would violate Blue Cross's rights under the substantive and procedural due process clause of the United States Constitution and of the Constitution of the State of Alabama; the excessive fines clauses of the Eighth Amendment to the United States Constitution; the contract clause of Article Two of the United States Constitution; the equal protection clause of the United States Constitution and the Constitution of the State of Alabama.

## TWENTY-FOURTH DEFENSE

The Alabama punitive damage system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. While the Supreme Court of the United States perceived the system as constitutional in Pacific Mutual Life Insurance Co. v. Haslip, 499 U.S. 1 (1991), events subsequent to Haslip have shown that the system is wholly arbitrary, fundamentally unfair and utterly irrational in violation of due process. See Armstrong v. Roger's Outdoor Sports, Inc., 581 So. 2d 414, 423 (Ala. 1991) (Maddox, J., dissenting); Henderson v. Alabama Power Co., 627 So. 2d 878, 894-95 (Ala. 1993) (Maddox, J., dissenting); Id. at 914 (Houston, J., dissenting). The Alabama system affords juries standardless discretion to impose unlimited punishment, and review of such awards is constitutionally deficient. See Honda Motor Co., Ltd. v. Oberg, 114 S. Ct. 2331 (1994). Alabama post-verdict review is neither meaningful, consistent nor constitutionally adequate to cure this crucial constitutional defect.

### TWENTY-FIFTH DEFENSE

The Alabama punitive damage system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment because there are absolutely no meaningful standards or limits for determining the amount of the award, contravening the deeply rooted American tradition that punishment may not be imposed in the absence of a pre-existing, express legislatively established range of penalties.

### TWENTY-SXITH DEFENSE

The imposition of a punitive damage award in this case in the absence of explicit, particularized guidelines or standards is highly unfair and constitutionally infirm because an award made in the absence of such guidelines or standards may be grossly excessive, disproportionate, arbitrary and irrational. A punitive damage award in the absence of such guidelines or standards will bear no rational or reasonable relationship to this defendant's alleged conduct in this matter or to any alleged harm to Plaintiff, and will dwarf legislatively established fines for comparable conduct. A punitive damage award in the absence of such guidelines or standards therefore will violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the excessive fines clause of the Alabama Constitution, Ala. Const. Art. I, § 15.

### TWENTY-SEVENTH DEFENSE

Without the protections previously provided in §§ 6-11-23(a) and 6-11-24, Code of Alabama regarding punitive damage awards, now declared unconstitutional by the Alabama Supreme Court, the State of Alabama no longer affords to a defendant sufficient protection under the United States Constitution from excessive and arbitrary punitive damage awards.

### TWENTY-EIGHTH DEFENSE

Without the protections previously provided in Sections 6-11-23(a) and 6-11-24, of the Code of Alabama (1993), regarding punitive damages awards, now declared unconstitutional by the Alabama Supreme Court, the State of Alabama no longer affords to a defendant a sufficient protection under the United States Constitution from excessive and arbitrary punitive damages awards.

### TWENTY-NINTH DEFENSE

The imposition of punitive damages in this case based upon theories of respondeat superior, agency, vicarious liability, or joint and several liability violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

### THIRTIETH DEFENSE

The Alabama system and structure for punitive damage awards, together with the claims for punitive damages sought by Plaintiffs in this lawsuit, constitute a violation of the due process clause of the Constitution of the United States, under authority of B.M.W. of North America, Inc. v. Gore. The allegations made by Plaintiff in this action, and the Plaintiffs' claims for punitive damages generally, and under the Alabama system specifically, constitute inadequate notice to Blue Cross so as to deprive Blue Cross of due process of law.

### THIRTY-FIRST DEFENSE

The Complaint fails to allege a claim for which punitive damages can be recovered.

### THIRTY-SECOND DEFENSE

The damages sought by the named Plaintiff on behalf of the alleged class cannot be recovered without specific proof by each alleged class member that they have been injured.

### THIRTY-THIRD DEFENSE

Blue Cross denies that it or any of its agents breached any duty or obligation allegedly owed to the Plaintiff or that it or any of its agents misrepresented any material fact to the Plaintiff or that it or any of its agents have omitted to state any material fact to the Plaintiff. To the extent Plaintiff's Complaint attempts to state a claim for fraud, the Complaint fails to comply with Rule 9 of the Federal Rules of Civil Procedure, and does not give sufficient notice of the circumstances surrounding any alleged fraud. Accordingly, Blue Cross reserves the right to file a Motion for More Definite Statement.

### THIRTY-FOURTH DEFENSE

The named Plaintiff has failed to satisfy the prerequisites for class certification and, therefore, cannot represent the interests of others.

### THIRTY-FIFTH DEFENSE

Blue Cross denies each and every material allegation of the Complaint as they relate to the request for class certification, and hereby objects to any such class action certification on the following grounds: (1) Lack of numerosity; (2) Lack of commonality of questions of law; (3) Lack of commonality of questions of fact; (4) Lack of typicality; and (5) Lack of adequacy of representation.

### THIRTY-SIXTH DEFENSE

The named Plaintiff is not a proper class representative.

### THIRTY-SEVENTH DEFENSE

There has been no class-wide damage and no damage to the named Plaintiff.

## THIRTY-EIGHTH DEFENSE

Blue Cross reserves its right to assert any additional defenses that may arise as discovery progresses or otherwise in the course of this litigation. Blue Cross hereby specifically denies any allegations contained in the Complaint and that were not expressly admitted herein.

_____
One of the Attorneys for Defendant
Blue Cross & Blue Shield Of Alabama

OF COUNSEL:
Jere F. White, Jr.
William H. Brooks
Terrence W. McCarthy
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203-3200
(205) 581-0700
(205) 581-0799 (fax)


James L. Priester
Edward A. Hosp
Grace Robinson
MAYNARD, COOPER & GALE, P.C.
1901 6th Avenue North
Suite 2400
Birmingham, Alabama 35203-2618
(205) 254-1000
(205) 254-1999 (fax)

## CERTIFICATE OF SERVICE

This is to certify that on this 4 day of November, 2005, a true and correct copy of the foregoing was served on counsel of record by depositing a copy of same in the United States Mail, postage prepaid, properly addressed to

Kenneth E. Riley, Esq.
FARRIS, RILE & PITT, LLP
2025 Third Avenue North
The Historic Massey Building, Suite 200
Birmingham, Alabama 35203

_____
Of Counsel