UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| PEARSON'S PHARMACY, INC., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case No.    3:05-CV-1072 |
| | ) |
| BLUE CROSS AND BLUE SHIELD OF ALABAMA, | ) |
| | ) |
|     Defendant. | ) |

**MOTION TO REMAND AND INCORPORATED MEMORANDUM OF LAW**

COMES NOW the Plaintiff Pearson's Pharmacy, Inc. ("Plaintiff" or "Pearson's Pharmacy"), by and through its undersigned counsel of record, and hereby moves this Court for an Order remanding this action to the Circuit Court of Tallapoosa County, Alabama, from whence it was improvidently removed. The grounds for this Motion are that, as discussed herein, the removing parties have not carried their burden of establishing that federal jurisdiction exists under the Class Action Fairness Act or under the Employees Retirement Income Security Act.

**INTRODUCTION**

This is a putative class action. The named Plaintiff – who is the only putative class representative – is a resident citizen of Alabama. Defendant Blue Cross and Blue Shield of Alabama ("Blue Cross") is a resident citizen of Alabama. The putative class consists of Alabama pharmacies. Although Defendant recognizes that the Class Action Fairness Act ("CAFA") requires an amount in controversy exceeding **$5,000,000**, Defendant offers no credible evidence to support its assertion that the damages in this case exceed $5,000,000.

For Defendant's removal of this action to be sound, Defendant must convince the Court to accept one of the four following propositions, none of which are factually or legally accurate –

(1) Less than two-thirds (2/3) of the putative class members are resident citizens of the State of Alabama;

(2) Less than one-third (1/3) of the putative class members are resident citizens of the State of Alabama;

(3) The amount in controversy exceeds $5,000,000; or

(4) This action is completely preempted by ERISA.

Plaintiff demonstrates herein that none of these propositions are correct. Therefore, this Court lacks jurisdiction, and this case should be remanded to the Circuit Court of Tallapoosa County.

## ARGUMENT

Defendant alleges that this Court has subject matter jurisdiction under the Class Action Fairness Act of 2005 and 28 U.S.C. § 1332(d). Notice of Removal at ¶ 2. However, this assertion is incorrect. CAFA purportedly expands the subject matter jurisdiction of federal courts over class actions in which at least one plaintiff class member is diverse in citizenship from the defendant and where the amount in controversy exceeds $5 million. See Pub. L. No. 109-2, 119 Stat. 4, 9-12 (codified at 28 U.S.C. § 1332(d)). Defendant further alleges that federal jurisdiction exists, because Plaintiff's claims are purportedly preempted by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, et seq. As demonstrated below, these arguments should be rejected, and this action should be remanded.

### I. Defendant Fails to Meet CAFA's Diversity of Citizenship Requirements

The enactment of CAFA amended the diversity of citizenship statute (28 U.S.C. § 1332). Specifically, the amended Section 1332(d)(2) provides:

2

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which--
>
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant;
>
> (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
>
> (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

Removal statutes are construed narrowly, and any uncertainties are resolved in favor of remand. See Boyer v. Snap-on Tools Corp., 913 F.2d 108 (3rd Cir. 1990), cert. denied, 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991); see also Coker v. Amoco Oil Co., 709 F.2d 1433 (11th Cir. 1983)(when defendant removes alleging nondiverse defendant was joined to defeat diversity, if there is a chance plaintiff will recover against non-diverse defendant, case should be remanded). As demonstrated herein, Defendants fail to establish that diversity of citizenship exists, and therefore, this action should be remanded to the Circuit Court of Tallapoosa County, Alabama.

    **A.**    **Defendant fails to prove that the amount in controversy exceeds $5,000,000**

First, Defendant fails to offer any reliable evidence that the amount in controversy exceeds $5,000,000. As the Eleventh Circuit noted in Kirkland v. Midland Mortgage Co., 243 F.3d 1277 (11th Cir. 2001), "[i]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists. Where the plaintiff has not plead a specific amount of damages. . .the defendant is required to show. . .by a preponderance of the evidence that the amount in controversy" can be satisfied. Id. at 1281, n. 5 (citations omitted).

3

In this case, the evidence cannot meet a preponderance of the evidence standard, because it is non-existent. In support of its Notice of Removal, Defendant relies upon the Affidavit of George S. Hiller, III, R.Ph. However, Mr. Hiller's affidavit fails to satisfy the simple requirements of Fed.R.Civ.P. 56(e)[1] and further fails to provide any evidence that the amount in controversy exceeds $5,000,000. In fact, Mr. Hiller's affidavit completely fails to address the damages in this matter. Instead, Mr. Hiller merely states that "[b]ased on my review of Blue Cross records, between 1999 and 2005, total reimbursements to Alabama pharmacies in the Blue Cross Network exceeded $2 billion." This testimony does not constitute a preponderance of the evidence demonstrating that the $5,000,000 amount in controversy requirement is satisfied. Examining evidence similar to that proffered by Defendant in this case, Judge Albritton recently remanded a similar class action filed prior to CAFA's enactment concluding "[that the removing defendant] has not shown to a legal certainty that any monetary recovery and injunctive relief in favor of [plaintiff], or any unnamed class member, must exceed $75,000." Eufaula Drugs, Inc. v. Scripsolutions, Case No. 2:05-cv-00370-WHA (October 6, 2005).[2] For all of these reasons, Defendant has not established that the amount in controversy exceeds $5,000,000. Therefore, Plaintiff's Motion to Remand should be granted.

**B.     Defendant fails to establish the citizenship requirements under CAFA**

The remaining applicable provision of CAFA applies to the citizenship of the parties and of the

---

[1] Fed.R.Civ.P. 56(e) provides that "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." Mr. Hiller's affidavit refers to a list of pharmacies that purportedly fall within the class definition and to a reimbursement figure exceeding $2 billion. (See Affidavit of George S. Hiller, III, R.Ph. at ¶¶ 5 and 7; attached as Exhibit "B" to Defendant's Notice of Removal). Sworn or certified copies of these papers are not attached to his affidavit. Since Mr. Hiller's affidavit fails to comply with Fed.R.Civ.P. 56(e), the testimony contained in the affidavit, as well as any assertions in the Notice of Removal which rely upon Mr. Hiller's testimony, should be rejected.

[2] The Eleventh Circuit is currently considering whether to accept interlocutory review of the Scripsolutions' Remand Order.

4

class members.  28 U.S.C. § 1332(d)(2) requires that in addition to the satisfying the $5,000,000 amount in controversy requirement, Defendant must also establish that any member of a class of plaintiffs is a citizen of a State different from any defendant.  Defendant fails to offer any credible evidence that any of the class members are citizens of any State other than Alabama.  Defendant admits in its Notice of Removal that the plaintiff class is defined as "Alabama pharmacies."  Defendant further admits that it is a citizen of Alabama.  However, the only "proof" offered to buttress Defendant's claim that there are class members who are not citizens of the State of Alabama is the unsupported testimony of Mr. Hiller.  As demonstrated above, Mr. Hiller's affidavit should be wholly disregarded.  However, even if it is not rejected, the testimony contained in Mr. Hiller's affidavit does not establish that there are any class members who are citizens of any State other than Alabama.  In fact, Mr. Hiller only states that "a total of six hundred and sixty-two (662) Alabama pharmacies in the Blue Cross Network" receive payment at an address outside of Alabama.  (Affidavit of Hiller, ¶ 6).  This hardly constitutes evidence that any member of the plaintiff class is a citizen of a State other than Alabama.

      Moreover, 28 U.S.C. § 1332(d)(4) provides:

A district court shall decline to exercise jurisdiction under paragraph (2)--

(A)(i) over a class action in which--
(I) **greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed**;

(II) at least 1 defendant is a defendant--
(aa) from whom significant relief is sought by members of the plaintiff class;
(bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
(cc) who is a citizen of the State in which the action was originally filed; and
(III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
(ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons; or

5

> (B) two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

(Emphasis added). It is undisputed that Defendant is the sole defendant from whom significant relief is sought and that Defendant is a citizen of Alabama – the state in which the action was originally filed. It also cannot be disputed that the principal injuries resulting from the alleged conduct were incurred in Alabama. Defendant has not alleged that the same or similar class action has been filed against it in the last three (3) years.

Accordingly, the Court is required to remand this action if more than two-thirds of the plaintiff class members are resident citizens of Alabama. For the reasons set forth above, it is evident that Defendant failed to meet its burden of establishing that <u>any</u> class member is a resident citizen of a State other than Alabama. Therefore, Defendant failed to prove that more than two-thirds of the class members are resident citizens of a State other than Alabama. Mr. Hiller's affidavit does not prove this point, and Defendant provides no other evidence in support of its assertion. Therefore, this action should be remanded.

Finally, even if the Court accepted Defendant's unsupported assertion that almost half of the class members are citizens of other States, this Court should still remand this action. 28 U.S.C. § 1332(d)(3) provides:

> A district court **may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction** under paragraph (2) over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed based on consideration of--
>
> (A) whether the claims asserted involve matters of national or interstate interest;

>
> (B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;
>
> (C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;
>
> (D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;
>
> (E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and
>
> (F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

(Emphasis added).

Defendant concedes that over one-half of the class members are pharmacies who are citizens of Alabama. Therefore, the first requirement is satisfied. An examination of the factors contained in 28 U.S.C. § 1332(d)(3)(A) – (F) further reveals that this action belongs in state court. First, the claims asserted do not involve matters of national or interstate interest. Instead, they are claims filed by Alabama citizens seeking damages based upon state law claims for injuries and actions occurring in Alabama. Second, these claims will be governed solely by the laws of the State of Alabama.

Third, while the action has not been pleaded in a manner that seeks to avoid Federal jurisdiction, it is clearly an action that involves Alabama pharmacies and an Alabama Defendant. Fourth, this action was brought in a forum with a distinct nexus to the class members, the alleged harm and the Defendant. Plaintiff is a resident citizen of Tallapoosa County, Alabama. The alleged harm occurred in Tallapoosa County,

Alabama and throughout the State of Alabama, and Defendant admits in its Answer "that it transacts business in Tallapoosa County, that it receives revenue from the business that it conducts in Tallapoosa County and the State of Alabama. . ."  (Answer, ¶ 3).

Finally, there is no allegation that one or more class actions asserting the same or similar claims has been filed during the last three (3) years.  An analysis of these factors warrants remand of this action and is within the Court's discretion.  Given the limited nature of federal jurisdiction, Plaintiff respectfully submits that this action should be remanded.  See Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) ("[f]ederal courts are courts of limited jurisdiction." & "uncertainties [as to whether federal jurisdiction exists] are resolved in favor of remand.").

## II.     Plaintiff's Claims Are Not Preempted by ERISA

Defendant's final removal argument should also be rejected.  Defendant contends that this action is completely preempted by ERISA, even though it is clear that Plaintiff, an independent pharmacy, is pursuing breach of contract and other claim against Defendant, an insurer or pharmacy benefit manager.

The applicable ERISA statute, 29 U.S.C. 1132(a), states:

A civil action may be brought—

(1) by a participant or beneficiary—

(A) for the relief provided for in subsection (c) of this section, or

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

Plaintiff's claims are not preempted by ERISA, and therefore federal question jurisdiction does not exist.  Plaintiff is not a participant or beneficiary of an ERISA plan.  Moreover, Plaintiff is

not seeking to recover benefits due to it under an ERISA plan, to enforce its rights under an ERISA plan or to clarify its right to future benefits under an ERISA plan. In fact, there is <u>no</u> ERISA plan at issue in this case. Instead, an independent pharmacy is seeking to recover for breach of contract, *inter alia*, against an insurer or pharmacy benefit manager.

ERISA super-preemption exists only when the "plaintiff is seeking relief that is available under 29 U.S.C. § 1132(a)." <u>Butero v. Royal Maccabees Life Ins. Co.</u>, 174 F.3d 1207, 1212 (11th Cir. 1999). Complete preemption exists only when four elements are satisfied. "First, there must be a relevant ERISA plan." <u>Id.</u> No ERISA plan exists in this case. "Second, the plaintiff must have standing to sue under that plan." <u>Id.</u> Plaintiff does not have standing to sue under a non-existent plan or any other plan for that matter. <u>See</u> <u>Ward v. Alternative Health Delivery Systems, Inc.</u>, 261 F.3d 624 (6th Cir. 2001)(holding that the fact that a chiropractor may have been entitled to payment from health maintenance organization (HMO) as a result of her clients' participation in employee plan did not make her "beneficiary" for purpose of ERISA standing); <u>Cameron Manor, Inc. v. United Mine Workers of America</u>, 575 F.Supp. 1243 (W.D.Pa.1983) (holding that while a nursing care facility may well have been a "party in interest" as defined by the ERISA statute as a "person providing services to the plan," this fact had no bearing on the statute's definition of a "beneficiary" who may bring civil action to recover benefits, and therefore would not alone support federal jurisdiction).

"Third, the defendant must be an ERISA entity." <u>Butero</u>, 174 F.3d at 1212. There is no credible evidence before the Court at this time that Defendant is an ERISA entity. "Finally, the complaint must seek compensatory relief akin to that available under § 1132(a); often this will be a claim for benefits due under a plan." <u>Id.</u> Plaintiff is not seeking any relief available under § 1132(a) – certainly not benefits due under an ERISA plan. In order for complete preemption to

exist, all four of these elements must be satisfied. In this instance, none of the requirements of 29 U.S.C. § 1132(a) are satisfied. Therefore, federal jurisdiction does not exist, and this action should be remanded.

## CONCLUSION

WHEREFORE, Plaintiff requests an Order remanding this matter to the Circuit Court of Tallapoosa County, Alabama.

                                                    s/ James M. Terrell
                                                    ROBERT G. METHVIN, JR.
                                                    JAMES M. TERRELL
                                                    Attorneys for Plaintiff

**OF COUNSEL:**
**McCALLUM, METHVIN & TERRELL, P.C.**
2201 Arlington Avenue South
Birmingham, AL 35205
(205) 939-0199
Fax: (205) 939-0399

**OF COUNSEL:**
Kenneth E. Riley
**FARRIS, RILEY & PITT, LLP**
2025 Third Avenue North
The Historic Massey Building, Suite 200
Birmingham, AL 35203

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2005, I electronically filed the foregoing with the Clerk of the United States District Court, Middle District of Alabama using the CM/ECF system, which will send notification of such filing to the following:

Attorneys for Defendant
**Blue Cross & Blue Shield of Alabama;**

James L. Priester
Edward A. Hosp
Grace Robinson
MAYNARD, COOPER & GALE, P.C.
1901 6th Avenue North, Suite 2400
Birmingham, Alabama 35203-2618

Jere F. White, Jr.
William H. Brooks
Terrence W. McCarthy
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203-3200

                                              s/ James M. Terrell
                                              OF COUNSEL