IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| PEARSON'S PHARMACY, INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 3:05-cv-1072-F |
| ) | |
| v. ) | |
| ) | |
| BLUE CROSS AND BLUE SHIELD ) | |
| OF ALABAMA, ) | |
| ) | |
| Defendant, ) | |

## REPORT OF PARTIES' PLANNING MEETING

1. **Introduction.** Pursuant to Fed.R.Civ.P. 26(f), a meeting was conducted by telephone on November 29, 2005, and was attended by Kenneth Riley and James Terrell on behalf of Plaintiff, Pearson's Pharmacy, Inc., and Edward A. "Ted" Hosp, William Brooks and Grace Robinson on behalf of Defendant Blue Cross and Blue Shield of Alabama.

On December 2, 2005, Plaintiff filed a motion to remand this matter to state court. Accordingly, the parties jointly request a stay of discovery in this case pending resolution of the Plaintiff's Motion to Remand. However, if the Court disagrees with this request for a stay, a proposed discovery plan is included below.

2. **Pre-Discovery Disclosures.** The parties agree to forgo exchanging the documents and information referenced by Fed.R.Civ.P. 26(a)(1) until such time as the applicable discovery plan is determined.

3. **Discovery Plan.** Discovery will be needed on the following subjects: (a) Class Certification and (b) Merits.

Plaintiff believes that discovery should not be bifurcated and that Plaintiff should be allowed to conduct discovery regarding the merits of the case and class certification issues. Defendant, however, believes discovery through September 1, 2006 should be limited to class-certification issues, and that merits discovery, other than as to whether Plaintiff has standing, should be permitted only after a decision on class certification. In the event the court decides to bifurcate discovery, the parties' proposal of a bifurcated discovery schedule is as follows:

1. Discovery Relating to Class Certification

    a. The parties agree that the period for conducting discovery related to the issue of class certification will close on September 1, 2006.

        ii) Maximum of 40 interrogatories by each party to any other party related to issues of class certification. Responses will be due 30 days after service.

        iii) Maximum of 40 requests for production by each party to any other party related to issues of class certification. Responses will be due 30 days after service.

        iv) Maximum of 30 requests for admission by each party to any other party related to issues of class certification. Responses will be due 30 days after service.

        v) **Above dates and/or discovery limitations can be extended or adjourned by leave of court or by agreement of all parties.**

    b. Class Certification Schedule

        i) Plaintiff's motion for class certification **should be filed no later than** October 2, 2006.

        ii) Defendant's response to plaintiff's motion for class certification due **30 days from the filing of the motion**.

        iii) Plaintiff's reply due **45 days from the filing of the motion**.

        iv) Issue of class certification ready for oral argument and submission after November 15, 2006.

    v) **Above dates can be extended or adjourned by leave of court or by agreement of all parties.**

2. Discovery Relating to the Merits of the Case

  a. The parties agree that the period for conducting discovery related to the merits of the case will close on September 3, 2007.

    i) Maximum of 40 interrogatories by each party to any other party related to the merits of the case. Responses will be due 30 days after service.

    ii) Maximum of 40 requests for production by each party to any other party related to the merits of the case. Responses will be due 30 days after service.

    iii) Maximum of 30 requests for admission by each party to any other party related to the merits of the case. Responses will be due 30 days after service.

    iv) **Above dates and/or discovery limitations can be extended or adjourned by leave of court or by agreement of all parties.**

  b. Because the parties cannot determine at this time how many depositions will be required in the case, the parties have mutually decided to make this determination at a later date. The parties do agree, however, that they will endeavor to limit each deposition, other than 30(b)(6) depositions involving multiple deponents, to a maximum of one day (8 hours) unless extended by agreement of the parties or by order of the court. Defendant reserves the right to move for a protective order regarding Rule 30(b)(6) deposition(s), should they become excessive, etc., and Plaintiff reserves the right to oppose any such motion.

  c. Reports from retained experts under Fed.R.Civ.P. (26)(a)(2) due:

    i) from plaintiff by 90 days before the close of **merits** discovery.

    ii) from defendant by 60 days before the close of **merits** discovery.

  d. Supplementations under Fed.R.Civ.P. 26(e) due no later than 30 days before the close of **merits** discovery.

3. **Other Items.**

  a. The Parties **do not** request a conference with the Court before entry of the scheduling order.

    b.    Plaintiff should be allowed until **90** days before the end of **merits** discovery to join additional parties and to amend the pleadings.

    c.    Defendant should be allowed until **60** days before the end of **merits** discovery to join additional parties and to amend the pleadings.

    d.    All potentially dispositive motions should be filed **no later than** 30 days before the close of **merits** discovery or August 3, 2007.

    e.    Settlement cannot be realistically evaluated prior to the close of discovery but may be assisted by mediation at that time.

    f.    The parties request a final pretrial conference 30 days before trial.

    g.    Final lists of trial evidence under Fed.R.Civ.P. 26(a)(3) should be due pursuant to the terms of the pretrial order.

    h.    The case should be ready for trial by 60 days after the Court has ruled on all dispositive motions or **90 days** after the close of discovery, whichever is later.

    **i.**    **All deadlines herein are without prejudice to the parties' right to file any motions prior to the agreed deadlines**.

Respectfully Submitted: December 9, 2005.

                                            s/ James M. Terrell_____
One of the Attorneys for Plaintiff
Pearson's Pharmacy, Inc.

OF COUNSEL:
Kenneth E. Riley
Farris, Riley & Pitt, LLP
2025 Third Avenue North
The Historic Massey Building, Suite 200
Birmingham, Alabama  35203
(205) 324-1212
Fax: (205) 324-1255

James M. Terrell
McCallum, Methvin & Terrell, P.C.
The Highland Building
2201 Arlington Avenue South
Birmingham, Alabama 35205

(205) 939-0199
Fax: (205) 939-0399

                                                s/ Grace C. Robinson
                                                One of the Attorneys for Defendant
                                                Blue Cross & Blue Shield of Alabama

OF COUNSEL:
James L. Priester
Edward A. "Ted" Hosp
Grace C. Robinson
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203-2602
(205) 254-1000
Fax: (205) 254-1999


OF COUNSEL:
Jere F. White, Jr.
William H. Brooks
Terrence W. McCarthy
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, AL 35203-3200
(205) 581-0700
Fax: (205) 581-0799