# Exhibit 5

BLUE CROSS AND BLUE SHIELD OF ALABAMA
PARTICIPATING PHARMACY AGREEMENT
Amended 9/1/01

This Agreement made between Blue Cross and Blue Shield of Alabama ("Corporation") and

_____

(Name and Address of Pharmacy)

A [corporation] [partnership [proprietorship] duly licensed and operating under the appropriate laws of the State of Alabama.  This Agreement is effective _____ [Date], for all drugs dispensed on or after 12:01 a.m. _____ [Date], and replaces any previous agreement between the parties.

1.    The Participating Pharmacy agrees that all pharmacists providing services on its behalf are to be considered Participating Pharmacists.  The Participating Pharmacy agrees to submit claims through Corporation's electronic on-line Pharmacy Claim System.  Participating Pharmacy agrees to supply all necessary data elements as requested by Corporation for claims processing.  Participating Pharmacy agrees to acceptance of any drug formulary used by Corporation as well as any modifications which may be made from time to time to such formulary.

2.    The Participating Pharmacy agrees to provide services, in a non-discriminatory manner, to all subscribers and their dependents ("Members") covered by and in accordance with the agreement or contract by which the Corporation provides, indemnifies, or administers health care benefits to Members (the "Benefit Agreement").  Participating Pharmacy agrees to make any adjustments necessary to accurately reflect correct claim data.  Participating Pharmacy agrees to file claims through Corporation's electronic on-line claims processing system within 45 days of service.

3.    Corporation will pay and Participating Pharmacy agrees to accept as full payment for services performed and drugs furnished the amount calculated according to the applicable reimbursement formula set forth in the Participating Pharmacy Manual for all valid claims under Members' Benefit Agreement.  The reimbursement formulas set forth in the participating Pharmacy Manual are incorporated into this Agreement by reference, as if set forth fully herein, and are subject to change as provided for by Paragraph 8 hereof.  The Participating Pharmacy shall agree to accept as payment in full the lesser of its customarily billed charges or the amount calculated according to the applicable reimbursement formula.  Participating Pharmacy agrees to accept payment from Corporation and/or from the subscriber including various copays based on deductible and percentage of payment as indicated by the Corporation.  Participating Pharmacy agrees not to bill subscribers any amount for drugs covered by their Benefit Agreement other than deductible and copay amounts.

1

4. Corporation shall have the right to inspect all records pertaining to its Members. The Participating Pharmacy agrees to submit all records requested by Corporation within 60 days of such request. The Parties shall maintain the confidentiality of the Member's health and personal information. The records shall be maintained in accordance with prudent record-keeping procedures and as required by law, and as may be needed by the parties hereto for performance of this Agreement. Participating Pharmacy agrees to allow audit and duplication of billing, payment and medical records pertaining to Members. Such audit and duplication will be allowed upon reasonable notice during regular business hours. Corporation warrants that it has a contractual right with its Members to obtain any and all patient information from Participating Pharmacy relevant to a determination of whether and to what extent benefits may be provided under Benefit Agreements.

5. The Participating Pharmacy agrees not to engage in any advertising relative to the subject of this Agreement without the prior written approval of Corporation.

6. If Corporation makes payment to the Participating Pharmacy for services or supplies for which Corporation is not responsible under this Agreement or under the Member's Benefit Agreement, the Participating Pharmacy will repay to Corporation such amount upon request. If such repayment is not received within 60 days Corporation shall deduct the repayment amount from the next remittance of the Participating Pharmacy. This right of repayment exists regardless of whether payment was made through error or mistake of the Participating Pharmacy, Corporation, or some other person or entity.

7. This Agreement may be terminated at any time by either party, with or without cause, upon giving at least thirty (30) days written notice to the other party.

8. This Agreement (including the reimbursement formulas set forth in the Participating Pharmacy Manual) may be amended at any time by mutual written consent of the parties. This Agreement (including the reimbursement formulas set forth in the Participating Pharmacy manual) may also be amended by Corporation by mailing the amendment or a revised form of this Agreement, or a revised form of the reimbursement formulas set forth in the Participating Pharmacy Manual, or both to the Participating Pharmacy at least thirty days prior to the effective date of the amendment. If the amendment by Corporation is not acceptable to the Participating Pharmacy, the Participating Pharmacy may terminate this Agreement by giving written notice to Corporation within the thirty day period before the effective date of the amendment. The notice of termination shall be effective as of the date of the amendment. In the absence of a written notice of termination by the Participating Pharmacy, the Participating Pharmacy shall be deemed to have accepted the amendment as of its effective date.

9. It being the intent and purpose of the parties in promoting and furthering the purposes of this Agreement, which includes moderating and containing the cost of health care and enhancing the relationship among Members and Participating Pharmacies and Corporation, and the parties having acknowledged by this Amendment that the provision of health care pursuant

2

to this Agreement takes place in and substantially affects interstate commerce and that the Federal Arbitration Act permits and promotes the use of arbitration as a means of dispute resolution in matters arising from interstate commerce, the parties accordingly adopt a more beneficial, efficient and effective means of dispute resolution.

A.    Any controversy, dispute, or claim by any Member arising out of the rendering of hospital, medical and other health care services by the undersigned Participating Pharmacy shall be submitted to binding arbitration pursuant to the provisions of the Federal Arbitration Act, 9 U.S.C. '1, et seq., provided that the Member is required to submit such claims to binding arbitration under the applicable Benefit Agreement at the time the services in question are rendered. Such arbitration shall be governed by the rules and provisions of the American Arbitration Association's Dispute Resolution Program for Insurance Claims.

Pharmacy further understands that the arbitration shall be binding upon Pharmacy as well as thc Member and that is may not be set aside in later litigation except upon the limited circumstances set forth in the Federal Arbitration Act.

Judgment upon the award rendered by the arbitrator may be entered in any Court having jurisdiction thereof. The arbitration expenses shall be borne by the losing party or in such proportion as the arbitrator(s) shall decide.

BLUE CROSS AND BLUE SHIELD OF ALABAMA    PARTICIPATING PHARMACY
450 Riverchase Parkway East                _____
Birmingham, Alabama 35244                  _____

By:_____                By:_____
    Joseph B. Bolen, III
Senior Vice President, Health Care Networks    Name:_____

Date:_____              Title:_____

                                          Date:_____

                                          NABP#:_____

                                          _____
                                          Federal Employer Tax I.D. #

                                          _____
                                          Pharmacist Name

3

Telephone #:_____