# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| PEARSON'S PHARMACY, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.   3:05-CV-1072 |
| | ) |
| BLUE CROSS AND BLUE SHIELD OF ALABAMA, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND

COMES NOW the Plaintiff, Pearson's Pharmacy, Inc. ("Plaintiff" or "Pearson's Pharmacy"), by and through its undersigned counsel of record, and hereby provides the following Reply in Support of its previously filed Motion to Remand.

## INTRODUCTION

Defendant's opposition to remand merely serves as further proof that Plaintiff's Motion to Remand should be granted. After reviewing Defendant's opposition to remand, it is undisputed that the named Plaintiff is a resident citizen of Alabama, that Defendant Blue Cross and Blue Shield of Alabama ("Blue Cross") is a resident citizen of Alabama and that only forty-one (41) putative class members are resident citizens of other states. Based upon Defendant's own evidentiary submission, this Court lacks diversity of citizenship jurisdiction. 28 U.S.C. § 1332(d)(4) ("A district court shall decline to exercise jurisdiction. . .[when]. . .greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed"). Additionally, as demonstrated below, Plaintiff's state law claims are not preempted by ERISA. Therefore, this action should be remanded to the Circuit Court of Tallapoosa County, Alabama.

**ARGUMENT**

I.  **DEFENDANT BEARS THE BURDEN OF DEMONSTRATING THE EXISTENCE OF FEDERAL JURISDICTION**

Defendant asserts in its Opposition that CAFA places the burden upon Pearson's Pharmacy to demonstrate that Defendant's removal was improvident. Plaintiff respectfully suggests that Defendant's assertion is untrue. The Seventh Circuit Court of Appeals recently addressed which party bears the burden of proof under CAFA, and the Seventh Circuit held that defendants continue to bear the burden of demonstrating federal jurisdiction. Brill v. Countrywide Home Loans, Inc., 427 F.3d 446 (7th Cir. 2005). In Brill, the court examined the Senate Judiciary Committee's CAFA Report referenced by Defendant in its Opposition brief. Applying United States Supreme Court precedent, the Seventh Circuit held that the party urging federal jurisdiction bears the burden of demonstrating that federal jurisdiction exists, despite the language contained in the Senate Judiciary Committee's CAFA Report. See id.

In rejecting the argument that CAFA shifts the burden of proof to the party urging remand, the Seventh Circuit relied heavily upon the United States Supreme Court's opinion in Pierce v. Underwood, 487 U.S. 552, 566-68, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). In Pierce, the Court considered the meaning of the term "substantial justification" as it relates to an award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A). The respondents in Pierce asserted that "substantial justification" required a heightened standard, because the House Committee Report pertaining to the Equal Access to Justice Act stated that "substantial justification" was not "mere reasonableness." Id. at 566; citing H.R. Rep. No. 99-120, p. 9. The Court ultimately held that the remarks contained in the House Committee Report were unpersuasive, because the House Committee's declaration did not correspond to any new statutory language. In this instance, there is no statutory language in CAFA that

shifts the burden of proving federal jurisdiction from Defendant to Plaintiff or amends this well-established rule of law.

In <u>Brill</u>, the Seventh Circuit, applying the <u>Pierce</u> rationale, held that "naked legislative history has no effect" and further stated that in order to change an established rule of law, "Congress must enact a statute with the President's signature (or by a two-thirds majority to override a veto). A declaration by 13 Senators will not serve." <u>Brill</u>, 427 F.3d at 448. The Seventh Circuit further explained that the rule placing the burden of proving federal jurisdiction upon the party urging federal jurisdiction "makes practical sense" because when a removing defendant has information a plaintiff may lack, " a burden that induces the removing party to come forward with the information – so that the choice between state and federal court may be made accurately – is much to be desired." <u>Brill</u>, 427 F.3d at 447-48. As demonstrated by Defendant's Opposition, Defendant clearly possesses information in its own that is unavailable to Plaintiff. For the reasons adopted by the Seventh Circuit in <u>Brill</u> and outlined by the Supreme Court in <u>Pierce</u>, Plaintiff respectfully submits that Defendant bears the burden of proving that all aspects of federal jurisdiction exist in this matter.

**II. DEFENDANT'S EVIDENTIARY SUBMISSION PROVES THAT DIVERSITY OF CITIZENSHIP DOES NOT EXIST UNDER CAFA**

As previously discussed in Plaintiff's Motion to Remand, CAFA amended the diversity of citizenship statute (28 U.S.C. § 1332). Specifically, the amended Section 1332(d)(2) provides:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which--
>
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant;
>
> (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
>
> (C) any member of a class of plaintiffs is a citizen of a State and any defendant is

3

a foreign state or a citizen or subject of a foreign state.

### A. Defendant fails to prove that the amount in controversy exceeds $5,000,000

In order to demonstrate that CAFA's amount in controversy requirement is satisfied, Defendant must offer a preponderance of the evidence that this dispute exceeds $5,000,000. Defendant's evidence concerning the amount in controversy is non-existent. Defendant relies solely upon the Affidavit of George S. Hiller, III, R.Ph. As previously outlined, Mr. Hiller's affidavit should be stricken. However, even if the Court accepts the assertions in Mr. Hiller's affidavit, the affidavit completely fails to address the damages in this matter. Defendant's arguments are based exclusively upon suppositions (i.e. "Blue Cross would only have to be alleged to have retained a miniscule one-quarter of one percent (.25%) of the reimbursements."). This is not credible evidence that establishes that the damages in this matter "more likely than not" exceed $5,000,000. Judge Albritton previously ruled that similar evidence was insufficient to show "to a legal certainty that any monetary recovery and injunctive relief in favor of [plaintiff], or any unnamed class member, must exceed $75,000." Eufaula Drugs, Inc. v. Scripsolutions, Case No. 2:05-cv-00370-WHA (October 6, 2005).[1]

Defendant also cites to a number of jury verdicts from other dissimilar cases in support of its claim that the amount in controversy exceeds $5,000,000. However, the Eleventh Circuit has rejected this type of evidence in other cases. See Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805 (11th Cir. 2005) ("[The defendant] does point to a number of Alabama cases where courts have awarded punitive damages well in excess of $75,000. . .but mere citation to what has happened in the past does nothing to overcome the indeterminate and speculative nature of [the defendant]'s assertion in

---

[1] On December 27, 2005, the Eleventh Circuit denied the defendant's request for permission to appeal in the ScripSolutions matter. In its Order, the Court held that "Appellant has not demonstrated that [Judge Albritton]'s findings of fact are clearly erroneous and Appellant has presented no meritorious claim of legal error in [Judge Albritton]'s application of the relation-back doctrine." (Order; attached hereto as Exhibit "1").

4

this case. Therefore, we conclude that. . .[the defendant] has failed to prove by a preponderance of the evidence that [the plaintiff]'s claim is in excess of $75,000."). For all of these reasons, Defendant has not established that the amount in controversy exceeds $5,000,000. Therefore, Plaintiff's Motion to Remand should be granted.

### B. Defendant fails to establish the citizenship requirements under CAFA

The remaining applicable provision of CAFA applies to the citizenship of the parties and of the class members. 28 U.S.C. § 1332(d)(2) requires that in addition to the satisfying the $5,000,000 amount in controversy requirement, Defendant must also establish that any member of a class of plaintiffs is a citizen of a State different from any defendant. In response to Plaintiff's Motion to Remand, Defendant submits an entire list of the Alabama pharmacies that it provides reimbursements to. However, contrary to Defendant's representations, the number of class members is substantially less than one thousand three hundred and thirty-five (1,335). Instead, the class consists of six hundred forty-four (644) class members. In arriving at its class size, Defendant erroneously treated an individual pharmacy location as a class member, when that individual pharmacy located was not separately incorporated and was owned by another corporation. This is an incorrect methodology, and Defendant's own evidence proves this point.

For example, all of the pharmacies operating under the "Publix" name are simply operating as a "d/b/a" and are not separately incorporated. (See Exhibit "A" to Defendant's Exhibit "1" at p. 9). Moreover, Defendant's evidence demonstrates that the Payee Name and Address for each of these Publix pharmacy locations is "Publix Super Markets, Inc., P.O. Box 116181, Atlanta, GA 30368-6181."[2] Accordingly, Publix Super Markets, Inc. is the sole class member that represents all Publix pharmacy

---

[2] A review of Exhibit "A" to Defendant's Exhibit "1" also reveals that there is not a separate Taxpayer Identification Number for each individual pharmacy location. Instead, Publix Super Markets, Inc.'s Taxpayer Identification Number is used for all of the individual pharmacy locations.

5

locations. Publix Super Markets, Inc. is the entity that has been damaged by Defendant's conduct, not the individual pharmacy location that does not receive any reimbursements from Defendant.

Accordingly, when the number of multiple pharmacy locations operating as a "d/b/a" inside Alabama and outside Alabama are appropriately reclassified as one class member, the total size of the class shrinks to six hundred forty-four (644) members. Of these 644 class members, only forty-one (41) are non-resident citizens of Alabama under Defendant's analysis. By Plaintiff's calculations, these out-of-state class members are listed on Exhibit "A" to Defendant's Exhibit "1" as FamilyMeds, Inc.; Alabama Medical Equipment Services; Compound Care Plus, LLC; Dykes Drugs; Rapid Rx Pharmacy #1110; Winn-Dixie Montgomery, Inc.; Winn-Dixie Stores, Inc.; Big B, Inc.; Buy-Rite Drugs; Columbus Health Services, Inc.; CVS Corporation, Inc.; Pharmacy Corp. of America; Publix Super Markets, Inc.; Revco Discount Drugs Centers, Inc.; Accredo Health Group, Inc.; Bruno's Supermarkets, Inc.; Choice Source Therapeutics South; Kmart Corporation; Procare Pharmacy, Inc.; Walgreen Drug Stores, Inc.; Priority Healthcare Corporation; Critical Care Systems; Medcare, Inc.; Target Stores, Inc.; Sams East, Inc.; Wal-Mart Corporation; Wal-Mart Corporation East, LP; Mid South Home Care Services, Inc.; Access Health Network, Inc.; B & F Drugs, Inc.; The Kroger Company, Inc.; Rite Aid Corporation; Fred's Pharmacies, Inc.; Jones Drug Store; Payless at Fred's, Inc.; American HomePatient, Inc.; Family Medicine Pharmacy; Medical Arts Pharmacy; Medical Center Pharmacy; Southern Family Markets, LLC and Costco Pharmacies, Inc.[3] Since only 41 of the 644 class members are resident citizens of another State, 28 U.S.C. § 1332(d)(4) provides that a district court **must** decline to exercise diversity jurisdiction when greater than two-thirds of the members of the plaintiff class are citizens of Alabama. Therefore, this action should be remanded.

---

[3] Defendant did not submit evidence that each of these entities was a resident citizen of another State, however, Plaintiff will assume that this is the case for purposes of this illustration only.

6

Finally, even if the Court accepted Defendant's assertion that approximately 49.5% the class members are citizens of other States, the Court should still remand this action. 28 U.S.C. § 1332(d)(3) allows this Court, in the interests of justice and looking at the totality of the circumstances to decline jurisdiction when greater than one-third but less than two-thirds of the class members and the Defendant are citizens of Alabama. Defendant asserts that this matter concerns nationwide interests, however, that is hardly the case. The claims asserted by Plaintiff do not involve matters of national or interstate interest. Plaintiff's claims are simply state law claims for injuries suffered by Alabama citizens or pharmacies conducting business in Alabama. These claims will be governed solely by the laws of the State of Alabama. Moreover, the fact that all of the class members do not reside or transact business in Tallapoosa County, Alabama does not transform this into a nationwide matter. Instead, the fact that all of the class members transact their pharmacy business in Alabama and were damaged by Defendant's conduct in Alabama merely reinforces the fact that this is an action that only impacts Alabama.

Furthermore, there is no proof that one or more class actions asserting the same or similar claims has been filed during the last three (3) years. While Defendant points to other class actions filed against other pharmacy benefit managers, none of those class actions involved an Alabama defendant, and none of the class definitions in those cases were limited strictly to Alabama pharmacies. In fact, all of those actions were plead to include all pharmacies throughout the United States. That is a stark contrast to this action which only seeks recovery for Alabama pharmacies against an Alabama defendant. Given the limited nature of federal jurisdiction, Plaintiff respectfully submits that this action should be remanded. See Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) ("[f]ederal courts are courts of limited jurisdiction." & "uncertainties [as to whether federal jurisdiction exists] are resolved in favor of remand.").

### III. DEFENDANT FAILS TO ESTABLISH THAT PLAINTIFF'S CLAIMS ARE PREEMPTED BY ERISA

Defendant's final removal argument should also be rejected. Plaintiff's state law claims are not preempted by ERISA, and therefore federal question jurisdiction does not exist. Contrary to Defendant's assertions, "[t]he entrance to federal court does not swing wide, like Ali Baba's cave, at the mere invocation: 'this is an ERISA plan.' " Mitchell v. Investor's Guaranty Life Insurance Co., 868 F.Supp. 1344, 1346 (N.D. Ala. 1994). Instead, the "mere existence of an ERISA plan is not enough for preemption. Rather, the state law in question must make reference to or function with respect to the ERISA plan in order for preemption to occur." Id.; quoting Forbus v. Sears Roebuck & Co., 30 F.3d 1402, 1405 (11th Cir. 1994).

Under Butero v. Royal Maccabees Life Ins. Co., 174 F.3d 1207, 1212 (11th Cir. 1999), a state law claim is only preempted by ERISA when the "plaintiff is seeking relief that is available under 29 U.S.C. § 1132(a)." As the parties acknowledge, in order for preemption to occur, four elements must be present. These elements are: (1) the existence of an ERISA plan; (2) the plaintiff's standing to sue; (3) the defendant's status as an ERISA entity and (4) the complaint must seek relief akin to 29 U.S.C. § 1132(a).

Defendant fails to demonstrate that an ERISA plan exists in this case. Instead, Defendant merely relies upon the affidavit testimony of Carl Caudle who states that "[a]pproximately 70% of Blue Cross members receive their health benefits coverage under ERISA plans that are either insured or administered by Blue Cross." This is insufficient to demonstrate that any of Pearson's Pharmacy's prescription reimbursement transactions that were incorrectly calculated by Defendant were part of an ERISA plan. In fact, there is no evidence that Plaintiff submitted any claims on behalf of an ERISA plan participant or that any of the damages that Plaintiff suffered involved ERISA plan participants.

Second, Defendants fail to present any evidence that Plaintiff has standing to sue under any ERISA plan. Generally, health care providers such as Plaintiff lack independent standing under ERISA, because they are not considered "beneficiaries" or "participants" of an ERISA plan. See Cagle v. Bruner, 112 F.3d 1510, 1514 (11th Cir.1997). Medical providers may only acquire derivative standing to sue when they receive a written assignment of benefits from a beneficiary or participant of an ERISA plan. Id.; see also Hobbs v. Blue Cross and Blue Shield of Alabama, 276 F.3d 1236, 1241 (11th Cir. 2001).

While Defendant relies upon Judge Hopkins's opinion in Below v. Blue Cross and Blue Shield of Alabama, Case No. CV-04-HS-0246-NE (N.D.Ala. Mar. 15, 2005)(attached as Exhibit "8" to Defendant's Opposition), for the proposition that any medical provider's state law claims against Blue Cross are pre-empted by ERISA, this is untrue. In fact, evidence was presented in Below that the physician provider possessed "forms on which plan beneficiaries assigned their claims for benefits to the Plaintiff." Id. at p. 3. Similar assignment forms have not been provided by Defendant in this matter. Since there is no evidence that any ERISA plan beneficiary has assigned its claims to Plaintiff, Plaintiff cannot possess standing to sue under ERISA.

Finally, Plaintiff is not seeking any relief available under § 1132(a) – certainly not benefits due under an ERISA plan. Instead, Plaintiff is simply seeking recovery for state law claims (breach of contract, misrepresentation, etc.) related to Defendant's improper calculation of Average Wholesale Price as it relates to name brand prescription drugs. In a similar class action case involving medical providers who sued insurers for failure to pay claims in a timely manner pursuant to provider contracts, the district court held that the medical providers's state law claims too tenuously affected ERISA plans to be preempted by ERISA. In re: Managed Care Litigation, 298 F.Supp. 1259 (S.D.Fla. 2003). The district court squarely rejected the same

arguments made by Defendant in this case – that Section 502(a) of ERISA preempts state law claims based upon provider contracts – because the providers were "merely filing suit for payment under the terms of their independent contracts." Id. at 1290.

This district court opinion is consistent with established precedent in this Circuit. In Lordmann Enterprises, Inc. v. Equicor, Inc., 32 F.3d 1529 (11th Cir. 1994), the Eleventh Circuit held that "ERISA does not preempt a health care provider's negligent misrepresentation claim against an insurer under an ERISA plan." Id. at 1534. In reaching this conclusion, the Court followed decisions of the Fifth and Tenth Circuits that held that state law claims brought by health care providers against plan insurers too tenuously affect ERISA plans to be preempted by the Act. See Hospice of Metro Denver, Inc. v. Group Health Ins., 944 F.2d 752 (10th Cir.1991); Memorial Hosp. Sys. v. Northbrook Life Ins. Co., 904 F.2d 236 (5th Cir.1990).

In order for ERISA preemption to exist, Defendant must demonstrate that all four of the above-referenced elements are satisfied. In this instance, Defendant fails to meet its heavy burden. Therefore, federal jurisdiction does not exist, and this action should be remanded.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests an Order remanding this matter to the Circuit Court of Tallapoosa County, Alabama.

        s/ James M. Terrell
        ROBERT G. METHVIN, JR.
        JAMES M. TERRELL
        Attorneys for Plaintiff

**OF COUNSEL:**
**McCALLUM, METHVIN & TERRELL, P.C.**
2201 Arlington Avenue South
Birmingham, AL 35205
(205) 939-0199
Fax: (205) 939-0399

**OF COUNSEL:**
Kenneth E. Riley
**FARRIS, RILEY & PITT, LLP**
2025 Third Avenue North
The Historic Massey Building, Suite 200
Birmingham, AL 35203

## CERTIFICATE OF SERVICE

      I hereby certify that on December 31, 2005, I electronically filed the foregoing with the Clerk of the United States District Court, Middle District of Alabama using the CM/ECF system, which will send notification of such filing to the following:

Attorneys for Defendant
**Blue Cross & Blue Shield of Alabama;**

James L. Priester
Edward A. Hosp
Grace Robinson
MAYNARD, COOPER & GALE, P.C.
1901 6th Avenue North, Suite 2400
Birmingham, Alabama 35203-2618

Jere F. White, Jr.
William H. Brooks
Terrence W. McCarthy
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203-3200

                                        s/ James M. Terrell
                                        OF COUNSEL