# EXHIBIT "A"

Westlaw.

131 F.3d 95                                                                                                                 Page 1
131 F.3d 95
(Cite as: 131 F.3d 95)

Briefs and Other Related Documents

United States Court of Appeals, Second Circuit.
THRIFT DRUG, INC., a Pennsylvania Corporation,
Plaintiff-Appellee,
v.
UNIVERSAL PRESCRIPTION
ADMINISTRATORS and Alvin S. Konigsberg,
Defendants-Appellants,
Prescription Plan Service Corporation, a New York
Corporation, Defendant.
No. 527, Docket 97-7414.

Argued Oct. 29, 1997.
Decided Dec. 11, 1997.

Pharmacy sued prescription benefits plan administrator and administrator's sole shareholder for breach of contract, alleging that defendants failed to reimburse pharmacy for dispensed prescriptions. The United States District Court for the Southern District of New York, Whitman Knapp, J., 890 F.Supp. 319, granted summary judgment for pharmacy, and held that pharmacy could pierce administrator's corporate veil to reach shareholder's personal assets. Administrator and shareholder appealed. The Court of Appeals held that: (1) district court's findings with respect to piercing of corporate veil were insufficient; (2) pharmacy showed that it timely submitted claims to administrator; and (3) ERISA did not preempt action.

Affirmed in part, vacated and remanded in part.

West Headnotes

[1] Federal Courts 170B ⇐776

170B Federal Courts
    170BVIII Courts of Appeals
        170BVIII(K) Scope, Standards, and Extent
            170BVIII(K)1 In General
                170Bk776 k. Trial De Novo. Most Cited Cases

Federal Courts 170B ⇐850.1

170B Federal Courts
    170BVIII Courts of Appeals
        170BVIII(K) Scope, Standards, and Extent
            170BVIII(K)5 Questions of Fact, Verdicts and Findings
                170Bk850 Clearly Erroneous Findings of Court or Jury in General
                    170Bk850.1 k. In General. Most Cited Cases
Court of Appeals reviews district court's conclusions of law de novo and its findings of fact under clearly erroneous standard.

[2] Federal Courts 170B ⇐373

170B Federal Courts
    170BVI State Laws as Rules of Decision
        170BVI(A) In General
            170Bk373 k. Substance or Procedure; Determinativeness. Most Cited Cases
In diversity cases, Court of Appeals applies substantive law of forum state on outcome determinative issues.

[3] Corporations 101 ⇐1.4(1)

101 Corporations
    101I Incorporation and Organization
        101k1.4 Disregarding Corporate Entity
            101k1.4(1) k. In General. Most Cited Cases
To pierce corporate veil under New York law, it must be shown (i) that owner exercised complete domination over corporation with respect to transaction at issue; and (ii) that such domination was used to commit fraud or wrong that injured the party seeking to pierce veil.

[4] Corporations 101 ⇐1.6(2)

101 Corporations
    101I Incorporation and Organization
        101k1.6 Particular Occasions for Determining

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

131 F.3d 95
131 F.3d 95
(Cite as: 131 F.3d 95)

Page 2

Corporate Entity
      101k1.6(2) k. Contracts in General. Most Cited Cases
Record supported finding that sole shareholder exercised complete domination over corporation, for purposes of determining whether to pierce corporate veil under New York law to reach shareholder's personal assets; corporation never held formal shareholders' meetings and maintained no records of directors' meetings, shareholder was also director of corporation and could locate no records of stock issued by corporation to him, corporation was inadequately capitalized and issued over $700,000 in loans to shareholder without any identified corporate purpose, and corporation loaned over $5 million shareholder's other corporations.

[5] Federal Courts 170B €→941

170B Federal Courts
    170BVIII Courts of Appeals
        170BVIII(L) Determination and Disposition of Cause
            170Bk937 Necessity for New Trial or Further Proceedings Below
                170Bk941 k. Insufficiency or Lack of Verdict or Findings. Most Cited Cases
Finding that plaintiff was entitled to pierce veil of defendant corporation under New York law so as to hold its sole shareholder individually liable was required to be remanded, as district court made no findings as to whether shareholder's domination of corporation was used to commit fraud or wrong against plaintiff which resulted in plaintiff's injury.

[6] Insurance 217 €→3153

217 Insurance
    217XXVII Claims and Settlement Practices
        217XXVII(B) Claim Procedures
            217XXVII(B)2 Notice and Proof of Loss
                217k3152 Timeliness
                    217k3153 k. In General. Most Cited Cases
  (Formerly 217k539.1)
Pharmacy that sued prescription benefits plan administrator for failing to reimburse pharmacy for dispensed prescriptions showed that it timely submitted claims to administrator, an alleged requirement for receiving reimbursements for those claims; pharmacy submitted affidavits of its employees in support of its summary judgment motion, asserting that all of pharmacy's unreimbursed claims forming basis of district court's judgment "were originally submitted to [administrator] on a timely basis (within 30 days) of the prescriptions being filled."

[7] Insurance 217 €→3198(1)

217 Insurance
    217XXVII Claims and Settlement Practices
        217XXVII(B) Claim Procedures
            217XXVII(B)2 Notice and Proof of Loss
                217k3193 Evidence
                    217k3198 Weight and Sufficiency
                        217k3198(1) k. In General. Most Cited Cases
  (Formerly 217k562.3(3.1))
Pharmacy that sued prescription benefits plan administrator for failing to reimburse pharmacy for dispensed prescriptions was not precluded from recovering on claims for which it now possessed only computer-generated claim forms and not its original prescription forms; pharmacy submitted uncontested affidavit stating that administrator failed to pay amount owed to pharmacy upon its submission of original claim forms.

[8] Labor and Employment 231H €→407

231H Labor and Employment
    231HVII Pension and Benefit Plans
        231HVII(A) In General
            231Hk407 k. Preemption. Most Cited Cases
(Formerly 296k22)

States 360 €→18.51

360 States
    360I Political Status and Relations
        360I(B) Federal Supremacy; Preemption
            360k18.45 Labor and Employment
                360k18.51 k. Pensions and Benefits. Most Cited Cases

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

131 F.3d 95
131 F.3d 95
(Cite as: 131 F.3d 95)

Page 3

Basic purpose of ERISA preemption is to avoid multiplicity of regulation in order to permit nationally uniform administration of employee benefit plans. Employee Retirement Income Security Act of 1974, § 514(a), 29 U.S.C.A. § 1144(a).

**[9]** Labor and Employment 231H ⚷407

231H Labor and Employment
    231HVII Pension and Benefit Plans
        231HVII(A) In General
            231Hk407 k. Preemption. Most Cited Cases
(Formerly 296k139)

**States 360 ⚷18.51**

360 States
    360I Political Status and Relations
        360I(B) Federal Supremacy; Preemption
            360k18.45 Labor and Employment
                360k18.51 k. Pensions and Benefits. Most Cited Cases
Pharmacy's breach of contract claim against prescription benefits plan administrator for failing to reimburse pharmacy for dispensed prescriptions was not claim for benefits under ERISA benefit plans on behalf of participants and beneficiaries in welfare benefit plans, and thus, ERISA did not preempt that claim; pharmacy did not represent any participants or beneficiaries of administrator's benefit plan, and contract claim had no effect on employee benefit structures or their administration, and did not interfere with calculation of any benefits owed to any employee. Employee Retirement Income Security Act of 1974, § 514(a), 29 U.S.C.A. § 1144(a).

\*96 Steven Kern, Roy Barnes, P.C., Elmsford, New York, for Defendants-Appellants.
R. Damien Schorr, Pittsburgh, Pennsylvania, for Plaintiff-Appellee.

Before: FEINBERG, KEARSE and WALKER, Circuit Judges.

PER CURIAM:
Defendants-appellants Universal Prescription Administrators ("UPA") and UPA's sole director and stockholder Alvin S. Konigsberg ("Konigsberg") appeal from the amended judgment of the United States District Court for the Southern District of New York (Whitman Knapp, *District Judge*) after a bench trial (1) granting summary judgment to plaintiff-appellee Thrift Drug, Inc. ("Thrift") holding UPA liable to Thrift in the amount of $59,472.34 with interest, and (2) ruling that Thrift could pierce UPA's corporate veil to reach Konigsberg's personal assets. See *Thrift Drug v. Prescription Plan Serv. Corp.*, 890 F.Supp. 319 (S.D.N.Y.1995).

Appellants make three claims: first, that New York law did not permit the district court to pierce UPA's corporate veil and reach Konigsberg's personal assets to satisfy the judgment against UPA; second, that the district court made certain errors in calculating the amount of UPA's liability; and third, that the district court lacked subject matter jurisdiction because Thrift's claim is preempted by the Employee Retirement Income Security Act, as amended, 29 U.S.C. §§ 1001, *et seq.* ("ERISA") and Thrift lacks standing to sue under ERISA. We vacate and remand the first claim to the district court for further proceedings and reject appellants' second and third claims.

*Background*

This is a breach of contract case involving prescription plan services. UPA administered prescription benefit plans and, as part of that administration, entered into agreements with "panel pharmacies" such as Thrift. Under an implied contract between UPA and Thrift from 1981-1992, eligible beneficiaries would have their prescriptions filled at Thrift and Thrift would accept from the beneficiary only a co-payment. Thrift would then submit a prescription claim to UPA to be reimbursed. A Panel Pharmacy Agreement, Pharmacy Manual and various written notices from UPA to Thrift governed their implied contract.

From 1980 to June 1991, UPA received Thrift's services without objection and regularly reimbursed Thrift for such services. However, as a result of severe cash flow problems, UPA failed to reimburse Thrift for

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

131 F.3d 95
131 F.3d 95
(Cite as: 131 F.3d 95)

Page 4

a number of prescriptions dispensed by Thrift between June 1991 and April 1992. On April 11, 1992, Thrift terminated its services to UPA, claiming that UPA failed to reimburse it for dispensed prescriptions. Thrift then filed suit against appellants, and on July 10, 1995 the district court granted *97 Thrift's motion for summary judgment finding UPA liable for failing to reimburse Thrift for services rendered under their implied contract. See *Thrift Drug*, 890 F.Supp. at 320. Appellants do not challenge this determination of UPA's liability.

On May 22, 1996, the district court granted Thrift's supplemental summary judgment motion, determining that UPA was liable to Thrift in the amount of $59,472.34 plus prejudgment interest. See *Thrift Drug v. Prescription Plan Serv. Corp.*, 1996 WL 274045 (S.D.N.Y. May 22, 1996). After a bench trial on October 15, 1996, the district court ordered that under New York law Thrift could pierce UPA's corporate veil to recover its judgment from the assets of Konigsberg.

> FN* Thrift also sued Prescription Plan Service Corporation ("PPSC"), another prescription benefit plan provider owned and allegedly dominated by Konigsberg, for debts incurred by UPA under the laws of agency. By stipulation of all the parties, Thrift has dismissed with prejudice its claim against PPSC.

*Discussion*

I. *Piercing the Corporate Veil*

[1][2] We review the district court's conclusions of law *de novo* and its findings of fact under a clearly erroneous standard. See *In Re Ionosphere Clubs, Inc.*, 922 F.2d 984, 988 (2d Cir.1990). Because this case arises under federal diversity jurisdiction, this court applies the substantive law of the forum state on outcome determinative issues. See *Travelers Ins. Co. v. 633 Third Assocs.*, 14 F.3d 114, 119 (2d Cir.1994).

[3] In determining that Thrift could pierce UPA's corporate veil and recover damages from Konigsberg, the district court stated that "where the corporation in fact is run by one person regardless of any corporate form, that person has to be responsible for whatever debt the corporations [sic] have." In so holding, the district court plainly felt constrained to follow our decision of *Carte Blanche (Singapore) Pte., Ltd. v. Diners Club Int'l, Inc.*, 2 F.3d 24, 26 (2d Cir.1993). In *Carte Blanche*, we held that New York law permits plaintiffs to pierce the corporate veil either "to prevent fraud or other wrong, *or* where a parent dominates and controls a subsidiary." *Id.* (emphasis added). Since the district court's decision, we have interpreted *Carte Blanche* to require, in order to pierce the corporate veil, "(i) that the owner exercised complete domination over the corporation with respect to the transaction at issue; *and* (ii) that such domination was used to commit a fraud or wrong that injured the party seeking to pierce the veil." *American Fuel Corp. v. Utah Energy Dev. Co.*, 122 F.3d 130, 134 (2d Cir.1997)(emphasis added); see *Freeman v. Complex Computing Co.*, 119 F.3d 1044, 1052-1053 (2d Cir.1997). This test comports with the law of corporate veil piercing as stated most recently by the New York Court of Appeals. See *Morris v. New York State Dep't of Taxation and Finance*, 82 N.Y.2d 135, 603 N.Y.S.2d 807, 623 N.E.2d 1157, 1160-61 (1993)("While complete domination of the corporation is the key to piercing the corporate veil ... such domination, standing alone, is not enough; some showing of a wrongful or unjust act toward plaintiff is required. The party seeking to pierce the corporate veil must establish that the owners, through their domination, abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice against that party such that a court in equity will intervene.") (citations omitted). We find therefore that the district court erred in failing to apply the *American Fuel /Freeman /Morris* test.

[4] The first part of the *American Fuel /Freeman /Morris* test requires the defendant to have exercised complete domination over the corporation, a finding already made by the district court. Under the *Freeman* test for complete domination, the evidence presented at trial was sufficient to support the district court's finding that Konigsberg exercised complete domination over UPA. See *Freeman*, 119 F.3d at 1053. UPA never

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

131 F.3d 95
131 F.3d 95
(Cite as: 131 F.3d 95)

Page 5

held formal shareholders' meetings and maintained no records of directors' meetings; Konigsberg was the sole shareholder and director of UPA and could locate no records of stock issued by UPA to him; UPA was inadequately capitalized; UPA issued over $700,000 in loans to Konigsberg without any identified corporate purpose, loans which Konigsberg*98 used in part to support his daughter and to pay his mistress's gambling debts; and UPA loaned over five million dollars to other Konigsberg-owned corporations.

[5] The district court, however, made no findings as to the second element required by the *American Fuel /Freeman /Morris* test, whether Konigsberg's domination of UPA was used to commit a fraud or wrong against Thrift which resulted in Thrift's injury. To determine whether Thrift may pierce UPA's corporate veil under New York law, we must remand to the district court the question of whether this second requirement was met.

II. *Amount of UPA's Liability*

[6] Appellants contest the district court's determination of UPA's liability, claiming that there exists a genuine issue of material fact as to whether Thrift timely submitted certain claims to UPA, an alleged requirement for Thrift's receiving reimbursements for those claims. We disagree. Thrift submitted affidavits of its Accounts Receivable Collections Manager and Clerk in support of the summary judgment motion, asserting that all of Thrift's unreimbursed claims forming the basis of the district court's judgment "were originally submitted to UPA on a timely basis (within 30 days) of the prescriptions being filled." While Thrift's own Claims Billing Detail Reports do list a small percentage of the claims with billing dates over thirty days after dispense dates, *see, e.g.*, Joint Appendix at 69, list # 37, this minor inconsistency is reasonably explained by Thrift's practice of updating billing dates for corrected claims that UPA had originally rejected. Because appellants have introduced no evidence to suggest otherwise and indeed have presented no evidence at all to support their contention that Thrift's claims were untimely, the award of summary judgment was proper. *See, e.g., Catlin v.*

*Sobol,* 93 F.3d 1112, 1116 (2d Cir.1996)(summary judgment appropriate in absence of genuine issue of material fact).

[7] We also reject appellants' claim that Thrift should not recover $3,456.07 of its $59,472.34 award because Thrift now possesses only computer-generated claim forms and not its original prescription forms for those claims. Whether or not Thrift now has the original prescription forms submitted to UPA for reimbursement, Thrift submitted an uncontested affidavit stating that, as with Thrift's other claims, UPA failed to pay for the $3,456.07 owed to Thrift upon Thrift's submission of the original claim forms.

III. *ERISA Preemption*

[8] Finally, we reject appellants' contention that ERISA preempts Thrift's claim. As stated recently by this court, the basic purpose of ERISA preemption is " 'to avoid a multiplicity of regulation in order to permit the nationally uniform administration of employee benefit plans.' " *Burgio and Campofelice, Inc. v. New York State Dep't of Labor,* 107 F.3d 1000, 1008 (2d Cir.1997)(quoting *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.,* 514 U.S. 645, 657, 115 S.Ct. 1671, 1677, 131 L.Ed.2d 695 (1995)).

[9] Because Thrift dispensed prescriptions to beneficiaries of UPA-administered benefit plans, UPA attempts to characterize Thrift's cause of action as a "claim for benefits under ERISA benefit plans, on behalf of the participants and beneficiaries in the welfare benefit plans." Thrift, however, plainly does not represent any participants or beneficiaries of UPA's benefit plan. In this simple contract cause of action, Thrift represents only itself in seeking reimbursement from UPA for the prescriptions Thrift dispensed. Thrift's contract claim has no effect on employee benefit structures or their administration and does not interfere with the calculation of any benefits owed to any employee. In short it relates only to the contractual relationship between a plan and its service provider and does not remotely touch upon the relationship between the plan and its beneficiaries. Therefore ERISA

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

131 F.3d 95
131 F.3d 95
(Cite as: 131 F.3d 95)

Page 6

preemption is not implicated.

*Conclusion*

For the reasons set forth above, the district court's judgment permitting Thrift to pierce UPA's corporate veil and to recover damages from Konigsberg is vacated and remanded with instructions to proceed in accordance*99 with this opinion. The district court's judgment determining UPA's liability in the amount of $59,472.34 with interest is affirmed.

C.A.2 (N.Y.),1997.
Thrift Drug, Inc. v. Universal Prescription Adm'rs
131 F.3d 95

Briefs and Other Related Documents (Back to top)

• 1997 WL 33625714 (Appellate Brief) Brief for Plaintiff - Appellee (Jul. 1997)
• 1997 WL 33625713 (Appellate Brief) Brief for Defendants-Appellants (May. 30, 1997)
• 97-7414 (Docket) (Apr. 02, 1997)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.