IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| PEARSON'S PHARMACY, INC., )<br>)<br>Plaintiff, )<br>v. )<br>)<br>BLUE CROSS & BLUE SHIELD )<br>OF ALABAMA, )<br>)<br>Defendant. ) | CASE NO. 3:05-cv-1072-WKW<br>(WO) |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on plaintiff's Motion to Remand (Doc. #7). For the reasons set forth below, the motion is due to be GRANTED.

**I. FACTS AND PROCEDURAL HISTORY**

This case involves the issue of whether defendant Blue Cross & Blue Shield of Alabama ("Blue Cross") properly reimbursed pharmacies for prescriptions they filled pursuant to contracts between Blue Cross and the pharmacies. Plaintiff Pearson's Pharmacy, Inc. ("Pearson's"), filed this class action with the putative class consisting of "all Alabama pharmacies and/or other similar entities who entered into a contract which provided for reimbursement of prescriptions according to a formula . . . with Defendant." (Compl. ¶ 7.)

Pearson's alleges that it entered into a contract with Blue Cross in which Pearson's agreed to accept reimbursements from Blue Cross as full payments when Blue Cross paid "the amount calculated according to the applicable reimbursement formula set forth in the Participating Pharmacy Manual for all valid claims under Members' Benefit Agreement."

(Notice of Removal Ex. C ¶ 3.)  Pearson's alleges that Blue Cross breached the contract because it did not use the proper reimbursement formula.  (Compl. ¶ 8.)  In its complaint, Pearson's did not include an *ad damnum* clause, specifying the amount of damages sought.

Pearson's filed this action in the Circuit Court of Tallapoosa County against Blue Cross on September 27, 2005.  Blue Cross timely removed the case to federal court, and Pearson's timely filed a motion to remand.

## II.  DISCUSSION

Blue Cross claims removal was proper because the court has both diversity and federal question jurisdiction.  However, Blue Cross has not shown removal was proper on either ground, and the case is due to be remanded to state court.

### A.   *Diversity of Citizenship Jurisdiction*

The Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.), governs the removal of class actions based on diversity of citizenship.  While CAFA requires diversity of citizenship and an amount in controversy, the requirements are different than those in a traditional diversity action. Under CAFA, there is diversity jurisdiction where "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

The parties dispute who has the burden of proof to show that removal is proper or improper under CAFA.  The Eleventh Circuit places the burden on the defendant to show

2

removal is proper because "CAFA does not change the traditional rule that the party seeking to remove the case to federal court bears the burden of establishing federal jurisdiction." *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1164 (11th Cir. 2006).[1]  A case may be removed on the basis of the allegations of the complaint if the plaintiff has alleged facts that are sufficient to establish jurisdiction; if it does not appear the case is removable on the face of the complaint, it can be removed if the defendant receives "through service or otherwise . . . a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b); *see also Lowrey*, 483 F.3d at 1214 ("under 1146(b), in assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff - be it the initial complaint or a later received paper - and determines whether that document and the notice of removal unambiguously establish federal jurisdiction.").  When the defendant does not present evidence showing removal is proper, the case should be remanded because "[t]he absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars." *Lowrey*, 483 F.3d at 1215.

---

[1]  If the complaint does not include an *ad damnum* clause, the defendant must prove removal is proper by a preponderance of the evidence. *Lowrey v. Ala. Power* Co., 483 F.3d 1184, 1210 (11th Cir. 2007). If the complaint contains an *ad damnum* clause, the defendant must establish removal is proper to a "legal certainty." *Id.* at 1211 n.59. In practice these standards are the same. When evaluating removal, a court has limited evidence before it, meaning that "any attempt to engage in a preponderance of the evidence assessment at this juncture would necessarily amount to unabashed guesswork, and such speculation is frowned upon." *Id.* at 1211. As a result, a defendant who can meet the burden of showing removal is proper under a preponderance of the evidence standard "could have satisfied a far higher burden then preponderance of the evidence." *Id.*

Here, Blue Cross relies on conclusory allegations and has not shown by a preponderance of the evidence that the amount in controversy is met in this case.[2] To support its contention that the amount in controversy is over $5,000,000, Blue Cross states that there are 1335 potential class members with claims extending over six years and extrapolates that each class member would only have to seek $625 per year for this case to meet the amount in controversy requirement. (Notice of Removal ¶ 13.) However, Blue Cross has not presented any evidence that each class member will seek more than $625 per year. *See Lowrey*, 483 F.3d at 1220 (finding amount in controversy requirement was not met when each class member would only need recover $12,500 because the analysis required the court "to engage in impermissible speculation - evaluating without the benefit of any evidence the value of individual claims"). Without reliable evidence of the value of individual claims, the court will not speculate as to their value.

Blue Cross also relies on the affidavit of George Hiller, the Operations Manager for Pharmacy Benefit Management, to show that the amount in controversy requirement is met. (Hiller Aff. ¶ 2.) Hiller claims Blue Cross reimbursed Alabama pharmacies over two billion dollars during the class period. (*Id.* ¶ 8.) This evidence does not support removal because Blue Cross has not established a relationship between the amount in controversy in this case and the total amount paid to all pharmacies in Alabama.

Blue Cross has further included evidence of verdicts in non-wrongful death cases to

---

[2] Because Pearson's complaint did not contain an *ad damnum* clause, the preponderance of the evidence standard applies.

support its contention that the amount in controversy requirement is met. (Def.'s Resp. to Mot. Remand Ex. 2.) In *Lowrey*, the Eleventh Circuit refused to consider this type of evidence because "the facts regarding other cases tell us nothing about the value of the claims in this lawsuit." *Id.* at 1221. Reliance upon such evidence would require impermissible speculation.

Because Blue Cross has not established that the amount in controversy is met in this case, this court cannot exercise subject matter jurisdiction on the basis of diversity.[3]

**B.    *Federal Question Jurisdiction***

A district court has subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In general, courts apply the well-pleaded complaint rule to determine if there is federal question jurisdiction. Under the well-pleaded complaint rule "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, the existence of a federal defense does not create federal question jurisdiction. *Beneficial Nat'l. Bank v. Anderson*, 539 U.S. 1, 6 (2003). However, under super preemption, or complete preemption, some federal laws carry so extraordinary a preemptive force that they transform a state law complaint into a federal claim for well-pleaded complaint purposes. *Id.* at 6-8.

---

[3] Pearson's also alleges that remand is proper because the citizenship of the class and Blue Cross is not diverse. However, because CAFA's amount in controversy requirement was not met, the court does not address this argument. *See, e.g., Lowrey*, 483 F.3d at 1218-19.

Congress accomplished complete preemption with 29 U.S.C. § 1132(a), which provides the exclusive cause of action to recover benefits governed by an ERISA plan. *Id.* at 7-8; *Kemp v. Int'l Bus. Machs. Corp.*, 109 F.3d 708, 712 (11th Cir. 1997).

A state law claim for recovery of benefits is completely preempted and becomes a claim for recovery of benefits governed by an ERISA plan, when (1) there is a relevant ERISA plan; (2) the plaintiff has standing to sue; (3) the defendant is an ERISA entity; and (4) the complaint seeks compensatory relief akin to that available under ERISA. *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1212 (11th Cir. 1999). While the parties dispute whether all four factors are present in this case, the key issue is whether Pearson's has standing to sue under ERISA. Because Pearson's does not have standing to sue under ERISA and thus there is not complete preemption, it is unnecessary to evaluate the other factors.

Two categories of individuals have standing to sue to recover benefits under an ERISA plan: plan beneficiaries and plan parties. 29 U.S.C. § 1132(a)(1). Generally, a healthcare provider does not have standing to sue under ERISA because it does not fall into either of these categories. *Hobbs v. Blue Cross Blue Shield of Ala.*, 276 F.3d 1236, 1241 (11th Cir. 2001). However, when a healthcare provider seeks benefits from an ERISA plan through an assignment from a patient, the provider has derivative standing to sue. *Cagle v. Bruner*, 112 F.3d 1510, 1515 (11th Cir. 1997).

For there to be an assignment of benefits from an ERISA plan to a healthcare provider,

there must be a written assignment from the patient to the healthcare provider. *Hobbs*, 276 F.3d at 1242-43. In *Hobbs*, plaintiff healthcare providers alleged the defendant made improper reimbursements for services. The defendant removed the action, claiming the healthcare providers had brought an action under ERISA and had standing to sue because patients had assigned their benefits. However, because there was no evidence of written assignments of benefits, the Eleventh Circuit concluded the providers did not have standing under ERISA. *Id.*

While a healthcare provider has standing when there is a written assignment of benefits, it does not have standing when seeking reimbursement under an independent contract executed between the provider and the insurance company. *In re Managed Care Litigation*, 298 F. Supp. 2d 1259, 1290 (S.D. Fla. 2003). In *In re Managed Care Litigation*, the plaintiffs brought a class action alleging insurers had improperly reimbursed health care providers, and the class consisted of providers who sought reimbursement under contracts and under assignments. The court distinguished between these two groups and found that those providers who had entered into contracts with the insurers were "not ERISA beneficiaries because they are suing under the terms of their independent contracts with Defendants." *Id.* The court noted these providers "cannot be affected by this species of ERISA's preemptive force if they are merely filing suit for payment under the terms of their independent contracts." *Id.*

Pearson's and the other putative class members do not have standing to sue under

ERISA because they seek reimbursement under Participating Pharmacy Agreement contracts they signed with Blue Cross, not under written assignments of benefits. (*See* Notice of Removal Ex. C.) Blue Cross attempts to obfuscate the issue by arguing that there is an "effective assignment of benefits." (Resp. to Mot. Remand 20.) Blue Cross ignores *Hobbs*, which requires written assignment for ERISA standing. *Hobbs*, 276 F.3d at 1242-43. The two cases that Blue Cross cites involve actual assignments and do not discuss effective assignments. *See HCA Healthcare Serv., Inc. v. Employers Health Ins. Co. of Ga.*, 240 F.3d 982, 991 (11th Cir. 2001); *Cagle*, 112 F.3d at 1515. Because of precedent requiring a written assignment of benefits for a healthcare provider to have standing under ERISA, the court questions whether Blue Cross removed the case and argued against remand in good faith.[4]

Because Pearson's and the putative class do not have standing to sue under ERISA, complete preemption does not apply, and there is no federal question involved in this claim. Accordingly, removal was improper on federal question grounds.

## IV. CONCLUSION

Removal was not proper because the court does not have diversity or federal question subject matter jurisdiction. This case is due to be remanded to state court. Accordingly, it is ORDERED that:

1. Plaintiff's Motion to Remand (Doc. # 7) is GRANTED; therefore, this case is

---

[4] The court would be remiss if it did not point out that Blue Cross was a party to *Hobbs*. *See Hobbs*, 276 F.3d at 1236.

REMANDED to the Circuit Court of Tallapoosa County; and

    2.    The Clerk is DIRECTED to take appropriate steps to effect the remand.

DONE this 14th day of November, 2007.

                                        /s/ W. Keith Watkins
                                  UNITED STATES DISTRICT JUDGE